

**IN THE UNITED STATES DISTRICT COURT**   2019 NOV 25 P 11: 41
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

USDC-EDPA
REC'D CLERK

| | |
|---|---|
| SERGEI KOVALEV,<br>5305 Oxford Ave, Philadelphia, PA 19124 | CIVIL ACTION NO: |
| Plaintiff, | **19   5579** |
| vs. | |
| IRINA STEPANSKY, DMD,<br>11911 Bustleton Ave, Philadelphia, PA 19116; | |
| JOHN DOE I,<br>11911 Bustleton Ave, Philadelphia, PA 19116; | JURY TRIAL DEMANDED |
| JOHN and JANE DOES 1-50, inclusive,<br>Defendants. | |

## COMPLAINT - CIVIL ACTION

1.     Plaintiff Sergei Kovalev brings this legal action against Defendants engaged in RICO Enterprise and hereby alleges as follows.

## NATURE OF THE ACTION

2.     Mr. Kovalev's healthy body parts were stolen and destroyed by Defendant Stepansky, DMD, who committed a theft and intentional destruction of Mr. Kovalev's body parts only to defraud his insurance program with her intention of enriching herself and her Enterprise at the expense of Mr. Kovalev's health and well-being.

3.     Mr. Kovalev had no knowledge that Stepansky was operating the health insurance fraud Enterprise, a RICO enterprise.

4.     Mr. Kovalev went to Irina Stepansky, DMD's dental office in good health, but instead of receiving an honest treatment, he exited Stepansky's dental office battered, defrauded, severely injured, severely mutilated; and he lost multiple body parts due to Stepansky and her Enterprise's unlawful activities.

5. Mr. Kovalev was subjected by Stepansky to illegal removal and destruction of at least eleven (11) healthy body parts that were intentionally removed by Defendant Stepansky from Mr. Kovalev's multiple healthy teeth.

6. Stepansky's activities did not occur without the help of others (collectively, the "Stepansky Participants"). Rather, over time, Stepansky created an Enterprise and enlisted the aid of the Complicit Parties including other companies, firms and individuals, to facilitate and conceal her pattern of illegal activities based on health insurance fraud, accompanied with intentional mutilations inflicted by Stepansky to her patients.

7. This coalition of companies, firms and individuals became a part of the growing "Stepansky Health Care Fraud Enterprise", a RICO enterprise.

8. Stepansky and Complicit Parties were using well organized mutual collaboration, cover-up activities, fraud, concealment, false advertisements, fraudulent dealings, extortion, false imprisonment, false and fraudulent insurance claims, transfer of funds obtained from illegal activities and other illicit proceeds, including money laundering, where all such activities were affecting interstate commerce and complicit parties were using financial transactions, banks and financial institutions, were utilizing wire transmissions and transactions conducted through wire, and were regularly using mail in the course of the Enterprise activities.

9. Stepansky Enterprise was founded on using a trust of patients, whom Stepansky was defrauding by inflicting intentional injuries in the course of administering never requested and never needed intentional mutilating procedures under the guise of so-called "treatment".

10. Mutilations of patients were performed for the purpose of illegal enrichment from the proceeds received in the course of conducting the health insurance fraud and other racketeering activities.

11.     Defendants named in this legal action are directly or indirectly responsible for Stepansky Enterprise activities of intentional human body mutilations and health insurance fraud. Defendants' conduct caused to Mr. Kovalev widespread harm and damage to his anatomical body property, including the loss of body parts, injuries, emotional distress and trauma, loss of the enjoyment of life, and other harm, for which Defendants must be held responsible.

## PARTIES

### A.  Plaintiff

12.     Plaintiff Sergei Kovalev ("Plaintiff") is an adult individual, a citizen of the United States and a resident of the City of Philadelphia in the State of Pennsylvania. Mr. Kovalev is a holder of Medical Doctor Degree, but is involved in charitable work unrelated to medicine.

### B.  Defendants.

13.     Defendant Irina Stepansky, DMD ("Stepansky") is a dentist practicing dentistry with principal place of business at 11911 Bustleton Avenue, Philadelphia, PA 19116, including some other locations in the State of Pennsylvania.

14.     Stepansky is, and at all times herein mentioned a creator of an enterprise, "Stepansky Health Care Fraud Enterprise, a RICO Enterprise.

15.     Based on information and belief, Stepansky was at some point of time a citizen of one of the former Soviet Union Republics. Stepansky speaks native Russian language.

16.     Stepansky's knowledge of Russian language enabled her to take advantage, to target, to exploit the trust, to abuse, and to subject to her racketeering activities vulnerable immigrant communities of Philadelphia, where some people do not even speak English language.

17.     Defendant John Doe I ("Doe"), with unknown at present time real name, at all time herein mentioned was a member of Stepansky Enterprise.

18.     Doe is an adult individual who was assisting Defendant Stepansky to perform acts of battery, torture and abuse against Mr. Kovalev inside Stepansky's dental office located at 11911 Bustleton Avenue, Philadelphia, PA 19116.

19.     Defendant John Doe (I) can be described as Caucasian male with light brown (dark blond) color of hair, approximately 5'9", and at the time described in this Complaint was approximately 27-35 years old. John Doe also speaks native Russian language.

20.     John Doe's knowledge of Russian language enabled him to take advantage, to target, to exploit the trust, to abuse, and to subject to racketeering activities vulnerable communities of Philadelphia.

21.     The true names and capacities of the defendants named herein as Does 1-50 are unknown to Plaintiff at present time, who therefore sues them under these fictitious names. Plaintiff will amend his complaint to add other Does' true names and capacities when they become known.

**JURISDICTION AND VENUE**

22.     This Court has subject matter jurisdiction over this action under 18 U.S.C. § 1964.

23.     This is a civil action arising under 18 U.S.C. §§ 1961-1968, otherwise known as the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and in particular, under 18 U.S.C. § 1964(c) and other causes of action as set forth hereafter.

24.     This Court has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

25.     Venue is proper in this judicial district under 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.

26.     Defendants, either on their own or through their agents, at the time of the commission of the acts alleged herein, were found in, and/or transacted business in, the State of Pennsylvania, and the cause of action which is the object of this Complaint arises out of business transactions and specific acts that took place within this judicial district.

27.     Defendants, either on their own or through their agents, conspired to commit the wrongful acts alleged in this Complaint within the State of Pennsylvania and/or committed or participated in the commission of those acts within the State of Pennsylvania, purposefully directing their wrongful acts toward this judicial district and causing in this district the violations of RICO and the other causes of action set forth herein as well as Plaintiff's resultant injuries.

28.     Defendants' racketeering activities were conducted through a pattern of acts and transactions which occurred or had their effect within the State of Pennsylvania, including in this judicial district and/or a substantial part of property that is the subject of the action is situated in the district.

29.     In connection with the wrongful acts and fraudulent conduct described herein, Defendants directly or indirectly used the means of interstate commerce, including the United States mail services and interstate wire transactions.

## FACTS

**A.     TERMINOLOGY USED IN THIS COMPLAINT.**

30.     This Complaint is addressing different torts affecting the dental anatomy of human body parts and will be using anatomical identifiers to assist the Court with recognition of described areas.

**1.     Dental Numbering Systems.**



The Universal Numbering System is used widely in the United States where each human tooth is numbered by using a dental notation system for associating information to a specific tooth (http://www.aacpp.com/pdf/toothdiagram.pdf). See Exhibit 1. This System, in addition to the numbering of each human tooth, identifies five surfaces (parts) applicable to any tooth - the **distal** (rear surface, indicated in dental charts as "**D**"), **occlusal** (top biting surface, indicated in dental charts as "**O**"), **buccal** (cheek surface, indicated in dental charts as "**B**"), **mesial** (front surface, indicated in dental charts as "**M**"), and **lingual** (tongue surface, indicated in dental charts as "**L**"). Each tooth surface is the area that can be affected or damaged. Exhibit 1.

**2.    Definitions.**

"Dental filling" is a form of dental restoration used to repair a decayed, chipped, cracked, or otherwise damaged tooth (https://www.thefreedictionary.com/Dental+filling).

## B.   SERGEI KOVALEV'S INTERACTIONS WITH IRINA STEPANSKY, DMD.

31.   Sergei Kovalev discovered a small chipped part on his tooth #31 and decided that this one tooth should be treated. Mr. Kovalev had a health insurance that was covering this dental procedure.

32.   This case arose as a result of November 20, 2015 and November 25, 2015 Plaintiff's visits to the dental office operated by the dentist Irina Stepansky, DMD at 11911 Bustleton Avenue, Philadelphia, PA 19116.

33.   After locating the name of Defendant Irina Stepansky, DMD on the list of dental providers for his health insurance administrator, Mr. Kovalev called Stepansky's office on November 18, 2015 and made an appointment to visit Stepansky's dental office on November 20, 2015.

34.   Before going to the office of Defendant Stepansky, Mr. Kovalev (who is trained as a Medical Doctor and studied the subject of Dentistry as the required course in the university program) thoroughly examined all his teeth with appropriate lighting and dental mirror, and found that he only needed to repair the tooth #31 that had a small chipped area near existing dental filling that was in good condition.

35.   At the time of making an appointment on November 18, 2015 and at the time of Defendant Stepansky's office visit on November 20, 2015, Mr. Kovalev clearly requested the treatment for only one tooth #31 (See dental numbering system – Exhibit 1).

### 1.   Initial Interactions.

36.   Mr. Kovalev went to the office of Defendant, Irina Stepansky, DMD on November 20, 2015 and was expecting to receive a simple dental procedure, because he had

no pain, no inflammation and fixing or replacing the existing dental filling on the tooth #31

should be a straightforward office procedure.

37.     At the time of arrival to the office of Defendant Stepansky on November 20, 2015,

Sergei Kovalev explained to female office manager and also to two other male office

representatives that he needed only the work on one tooth #31 that had a chipped small

portion near the existing dental filling.

38.     Defendant John Doe (I) was in the reception area at the time of Mr. Kovalev's

arrival and was one of the persons who received Mr. Kovalev's explanations about the fact

that he only needed dental care for one tooth #31.

39.     John Doe was assisting Defendant Stepansky during her activities on November

20, 2015,

39.     After Mr. Kovalev was invited into the examination/treatment room, from the first

moment, Defendant Irina Stepansky, before even taking any x-rays, attempted aggressively to

offer him different not needed and expensive services that were refused by Mr. Kovalev.

40.     Mr. Kovalev again explained to Stepansky that he only wanted to repair one tooth

#31 (that had a chipped portion near the existing filling) and nothing else, because he had no

any other problems and had no any other complaints.

41.     Irina Stepansky instructed Defendant John Doe (I) to make x-rays.

42.     Mr. Kovalev was not aware that Stepansky instructed Defendant John Doe (I) to

make a full mouth x-rays (x-rays for all teeth).

43.     Only during the x-ray procedures, Mr. Kovalev realized that Stepansky instructed

John Doe (I) to make a full mouth x-rays (x-rays for all teeth, instead of only one x-ray for

one tooth that Mr. Kovalev wanted to repair). However it was too late to object.

44.    Irina Stepansky, DMD never asked Mr. Kovalev if he wants or if he would allow to make a full mouth x-rays that carry dangerous level of radiation and absolutely unnecessary when patient wants to receive a treatment only for one tooth.

45.    It took for Defendant John Doe approximately 45 minutes to make about fourteen (14) intraoral x-rays.

46.    After x-rays were completed, Defendant Stepansky asked if Mr. Kovalev wanted dental cleaning. In response, Mr. Kovalev refused and explained to her that he had no desire to perform any dental cleaning because he is regularly applying good hygienic practices and takes care of his teeth.

47.    In the examination/treatment room, on November 20, 2015, Mr. Kovalev for the third time explained to Defendant Irina Stepansky, DMD that he needed only the work on the tooth #31 and nothing else.

48.    When all attempts of Defendant Stepansky to convince Mr. Kovalev to perform additional expensive dental procedures failed, she became visibly hostile and even informed that she has no time to discuss anything with him.

49.    Mr. Kovalev clearly stated to Defendant Stepansky that if she has no desire to do work on only one tooth, he will find another dentist. After that, Stepansky agreed to replace just one dental filling on the tooth #31, and Defendant Stepansky assured Mr. Kovalev that she will be performing only the replacement of one dental filling on the tooth #31.

50.    Stepansky's assurances were false.

51.    On November 20, 2015, Mr. Kovalev never allowed and never gave Stepansky any permission to perform any additional dental work, except the dental work on the tooth #31.

52.    On November 20, 2015, Mr. Kovalev also never signed any document that would give Defendant Stepansky a permission to perform any additional dental manipulations, except the only verbal permission for dental work on the tooth #31.

53.    Not a single other tooth needed any additional work that would be willingly permitted by Mr. Kovalev. Furthermore, he never needed, never wanted and never requested any additional dental work, except the dental work on the tooth #31.

**2.    Defendant Irina Stepansky, DMD chemically incapacitated Sergei Kovalev.**

54.    In the course of approximately one hour, Defendant Stepansky injected Mr. Kovalev with multiple injections of unknown drugs, to the best recollection, with three (3) separate injections, despite the fact that one pain reducing injection is sufficient for the treatment of one tooth, if Stepansky would not be defrauding Mr. Kovalev.

55.    Mr. Kovalev also never permitted to inject him approximately three times with some unknown to him drugs that Defendant Stepansky was using to sedate and to disable Mr. Kovalev for the time when Stepansky was performing a theft of Mr. Kovalev's body parts, mutilations and destructions of his healthy teeth.

56.    On November 20, 2015, Mr. Kovalev never signed any document that would give Defendant Stepansky a permission to make about three injections containing unknown drugs.

57.    As the matter of fact, Mr. Kovalev never signed any document that would give Defendant Stepansky a permission to make any injections.

58.    Mr. Kovalev believes that Defendant Stepansky injected him not only with multiple injections of anesthetic drugs, but also with hypnotic and/or sedative drugs that most likely caused temporary loss of consciousness during the procedure.

59.    Defendant Stepansky was a holder of Anesthesia Restricted Permit (that at present time is inactive). As a holder of Anesthesia Permit, Defendant Stepansky was well-informed about the use of pharmacological drugs that can inflict temporary (very short term) loss of consciousness and/or temporary loss of memory, and/or can reduce patient's ability to resist.

60.    Defendant Stepansky incapacitated and subdued Mr. Kovalev with multiple injections of painkilling, numbing, and possibly sedating and/or hypnotic drugs.

61.    After the first injection, Mr. Kovalev was placed into subdued/restrained condition with the feeling like he cannot even talk, neither he was able to do anything, but just to sit in dental chair.

62.    Mr. Kovalev was chemically imprisoned, subdued, and chemically restrained, even after the first Stepansky's injection.

63.    Defendant Stepansky never explained what drugs she was injecting and Mr. Kovalev never gave Defendant Stepansky permission to inject him with numerous injections of unknown to him drugs, especially with any hypnotic and/or sedative drugs that can cause loss of consciousness and/or memory loss during the procedure.

64.    Injecting large doses of painkilling, hypnotic and/ or sedating drugs creates a surgical anesthesia that eliminates possibility of patient to feel anything; and patient is simply unaware about any forms of possible mistreatment and abuse during the procedure performed under the local anesthesia.

### 3. Defendant Stepansky never informed Plaintiff that she is planning to perform additional dental work that Plaintiff never requested and clearly prohibited.

65.    On November 20, 2015, the only dental work permitted by Mr. Kovalev was the installation of the filling on the tooth #31; however, on November 20, 2015, Defendant Stepansky never told Mr. Kovalev that she was performing not authorized, not permitted, not needed, dangerous and harmful additional mutilation work and destruction of anatomical parts that was performed by Stepansky against clear instructions made by Mr. Kovalev.

66.    On November 20, 2015, Mr. Kovalev had no knowledge and was not aware that in addition to the (permitted) work on the tooth #31, Stepansky subjected Mr. Kovalev to unlawful removal and destruction of multiple parts from at least seven (7) additional healthy teeth, where Defendant Stepansky removed and destroyed without Mr. Kovalev's knowledge or permission at least eleven (11) healthy teeth portions (in addition to the work on the tooth #31).

67.    Mr. Kovalev has recollection that Defendant Stepansky was falsely telling during the procedure that she is only replacing the filling on the tooth #31; however, Defendant Stepansky never told him that she was removing without his permission at least eleven (11) healthy portions from at least seven (7) other healthy teeth, and she was mutilating Mr. Kovalev without his permission and without any authorization.

68.    On November 20, 2015, Mr. Kovalev also never gave a permission to perform any dental "adult prophylaxis"/dental cleaning and he has no recollection about any dental cleaning; however this procedure was reflected on the billing statement prepared and submitted by Defendant Stepansky to the dental insurance administrator Avesis.

69.    The fact that Mr. Kovalev has no any memory of any dental cleaning supports a conclusion that Defendant Stepansky injected Mr. Kovalev with hypnotic and/or sedative drugs that caused temporary loss of consciousness and/ or short-term memory loss during the procedure. However, Mr. Kovalev never gave Stepansky a permission to inject him with hypnotic and/or sedative drugs.

70.    In addition, Mr. Kovalev never permitted to inject him approximately three times with some unknown to him drugs that Defendant Stepansky most likely was using to sedate him and to inflict memory loss for the facts that Stepansky was performing not authorized by Mr. Kovalev dental procedures in tortious and unlawful manner.

**4.    Defendant Irina Stepansky, DMD intentionally Mutilated Sergei Kovalev.**

71.    As it was discovered later, on November 20, 2015, after Stepansky intentionally disabled Mr. Kovalev with multiple injections of unknown drugs, in addition to the permitted work on the tooth #31, Defendant Stepansky performed without Mr. Kovalev's permission intentional unlawful destruction and surgical removal of at least eleven (11) healthy dental surfaces from seven (7) additional teeth, including the Tooth #3, Tooth #4, Tooth #5, Tooth

#28, Tooth #29, Tooth #30, and Tooth #32. All these teeth were in good and healthy condition before Stepansky destroyed them.

**5. Defendant Irina Stepansky, DMD was applying physical force against incapacitated Sergei Kovalev.**

72.     Also, at some point of time, after the November 20, 2015 visit of Stepansky's office, Mr. Kovalev discovered a large bruising on the upper portion of his right leg, on the same side where on November 20, 2015, Defendant Stepansky was approaching him when Stepansky was mutilating and battering Mr. Kovalev. See Exhibit 2.



73.     Mr. Kovalev firmly believes that on November 20, 2015, after Defendant Stepansky incapacitated him with multiple injections of unknown drugs, such bruising on his leg only can be inflicted if Mr. Kovalev lost his consciousness because of drugs injected by Stepansky and Stepansky was physically assaulting and battering him and/or was applying physical force to hold him down and to restrain him. See Exhibit 2.

**6. Busy with infliction of unlawful mutilations, Irina Stepansky, DMD had no time to perform correct procedures.**

74.     During Stepansky's mutilations, she was replacing all destroyed by her healthy parts of the healthy teeth with synthetic polymer material that was protruding and was not adjusted.

75.     In approximately one hour, Stepansky installed so much polymer material that based on applicable guidelines it should take several hours to install it correctly.

76.   Installed by Stepansky protruding polymer parts were severely disturbing Mr. Kovalev and were inflicting severe discomfort, pressure on the nerves and pain.

77.   However, on November 20, 2015, Mr. Kovalev was assuming that all such pain and discomfort is related to the work on the tooth #31, because he had no knowledge that in addition to the permitted work on the tooth #31, Stepansky unlawfully removed at least eleven (11) healthy parts from at least seven (7) additional healthy teeth.

78.   On November 20, 2015, Mr. Kovalev had no knowledge about not authorized by him mutilations performed by Stepansky and was assuming that he needs the adjustment for the dental filling installed on the tooth #31.

79.   Mr. Kovalev made an additional appointment for the November 25, 2015, with expectation that Stepansky will adjust the protruding unadjusted parts of polymer material, still without knowledge that on November 20, 2015, Stepansky unlawfully removed at least eleven (11) healthy parts from at least seven (7) additional healthy teeth.

**7.   Stepansky's Financial Extortion Scheme.**

80.   At the time of going to his appointment on November 25, 2015, Mr. Kovalev was not aware about the full extent of injuries inflicted by Stepansky to his person, but noticed that the dental filling installed on the tooth #31 (the tooth that Mr. Kovalev wanted to repair) looked strange because it was unadjusted and was grayish and transparent.

81.   On November 25, 2015, when Sergei Kovalev questioned why the filling installed on the tooth #31 has a strange transparent appearance, Defendant Stepansky told that filling is transparent because she knows what material is better.

82.   After additional questioning, Stepansky admitted that the filling installed on the tooth #31 was a temporary dental filing.

83.   Temporary dental filling represents not completed dental work and it never lasts for a long time, as would any permanent dental filling.

84.     It was discovered a few weeks later that Stepansky already submitted requests for payments to Plaintiff's health insurance provider, where Stepansky was falsely claiming that she fully completed all work.

85.     When Sergei Kovalev requested on November 25, 2015 to adjust protruding areas of installed by Stepansky plastic material, Defendant Stepansky stated that she would not adjust anything, unless Mr. Kovalev will agree to accept and pay for not needed and expensive root canal procedure for the tooth #31.

86.     At that time (as it was discovered later), Stepansky already sent to Mr. Kovalev's insurance provider a false health insurance billing statement, where Stepansky claimed that she fully completed work on the tooth #31.

87.     Stepansky personally admitted on November 25, 2015 that she never completed the work on the tooth #31 and installed only a temporary dental filling on the tooth #31; however, on November 25, 2015, for supposedly "completed" work on the tooth #31, Stepansky was extorting from Mr. Kovalev additional payments for the work that should be already completed, according to Stepansky's falsified billing statement sent to the insurance provider.

88.     Mr. Kovalev was fully aware that he never needed additional expensive work and he refused to pay for additional extortion demands made by Stepansky.

89.     Stepansky refused to adjust protruding areas of the plastic material installed by her and refused to finish not finished dental work.

90.     When Mr. Kovalev told that it is Stepansky's responsibility to complete the work that she started but never finished, or at least to adjust protruding parts of the plastic material, Stepansky answered that she has no responsibilities to her patients.

91.     When Mr. Kovalev told that Stepansky's attitude is equal to abandoning of a patient, without completing dental work that she started, but not finished, Stepansky, without

adjusting anything, chased victimized and traumatized Mr. Kovalev from her office and in threatening voice Stepansky instructed Mr. Kovalev not to come back.

92.     Stepansky intentionally exhausted Mr. Kovalev's dental insurance benefits and he needed to wait, in pain and constant suffering, an additional year before replacing temporary dental filling installed by Stepansky on the tooth #31.

93.     Contrary to Stepansky's false claims, when over a year later, Mr. Kovalev replaced the temporary filling installed by Stepansky on the tooth # 31, such dental work was done without any root canal procedure and he never needed any root canal procedure.

### 8.   Aftermath of Stepansky's activities and learning what really happened.

94.     A few days after the November 25, 2015 events, Mr. Kovalev called to the insurance providers with intention to file a complaint against Stepansky and when he asked his insurance administrator to describe all work that Stepansky performed on November 20, 2015, only at that time he learned from his insurance administrator that according to insurance billing, in addition to the work on the tooth #31, Stepansky performed multiple additional work that Mr. Kovalev never permitted.

95.     Initially, Mr. Kovalev assumed that Stepansky simply submitted a false billing to his insurance administrator and requested a copy of Stepansky's insurance billing, to see if she indeed performed additional not permitted work (See Exhibit 3). Even at that time, Mr. Kovalev did not know the extent of mutilations inflicted to his body.

96.     When Mr. Kovalev received in December 2015 a copy of the insurance billing submitted by Stepansky to his health insurance provider, he examined each tooth listed in Defendant Stepansky's requests for payments (Exhibit 3). Only at that time, he discovered that Defendant Stepansky performed multiple counts of intentional battery, mutilations and permanent destruction of his anatomical structures, all without any permission or authorization from Mr. Kovalev.

97.     Only in December, 2015, Mr. Kovalev learned that on November 20, 2015, after Stepansky incapacitated and subdued him with multiple injections of unknown drugs, in addition to the work on the tooth #31(the work on the tooth #31 was permitted), Defendant Irina Stepansky, DMD performed not permitted multiple additional mutilations of Mr. Kovalev's healthy teeth.

98.     Without any permission or authorization from Sergei Kovalev, Stepansky intentionally was drilling, cutting-out, and surgically destroying multiple parts from his other healthy teeth and she was covering mutilated areas with synthetic polymer material.

99.     The facts are indicating that Mr. Kovalev suffered from the destruction of his multiple body parts only because Stepansky was collecting multiple large health insurance payments for the harmful dental work performed without knowledge and without permission of Mr. Kovalev. See Exhibit 3 (below).

100.    Almost all claims submitted to the insurance provider by Defendant Irina Stepansky, DMD, were fraudulent because such procedures were not permitted, not needed, never requested, and were performed on healthy teeth, with exception of only permitted work on the tooth #31, where Stepansky also never completed the work that she started, but billed the insurance provider as for the fully completed dental work.

101.    By performing procedures that were never permitted, not needed, never requested, and were done on healthy teeth, Defendant Irina Stepansky, DMD breached the implied and oral express contracts, and performed multiple counts of battery, theft of human body parts, and intentional destruction and mutilation of Plaintiff's anatomical body structures.

102.    After intentional mutilations, Defendant Stepansky was collecting payments from Mr. Kovalev's health insurance for her unlawful and harmful mutilating activities.

103.   The attached statement issued by Plaintiff's insurance provider reflects
Stepansky's demands for payments for the work that Mr. Kovalev never permitted to perform
(Exhibit 3).

| Dates of Service | Service Code | Procedure Description | Total Charges | Allowed Amount | Interest | Withhold | Total Benefits | Non-Allowed Charges | Denied Reason |
|---|---|---|---|---|---|---|---|---|---|
| Claim No: ▨▨▨▨ | | Patient: SERGEI KOVALEV | | Group Name: HP 001 Full | | | | Member No: ▨▨▨▨ | |
| Patient No: ▨▨▨▨ | | | | | | | | | |
| 11/15/2015 Tooth #: | D0150 | Comprehensive Oral Evaluation - | 120.00 | 20.00 | | | 20.00 | 100.00 | |
| 11/15/2015 Tooth #: | D0210 | Full Mouth Series | 150.00 | 45.00 | | | 45.00 | 105.00 | |
| 11/15/2015 Tooth #: | D1110 | Adult Prophylaxis | 120.00 | 36.00 | | | 36.00 | 84.00 | |
| 11/15/2015 Tooth #: 3 UR BOL | D2393 | Resin-Based Composite - Three | 150.00 | 60.00 | | | 60.00 | 90.00 | |
| 11/15/2015 Tooth #: 4 UR O | D2391 | Resin-Based Composite - One | 100.00 | 45.00 | | | 45.00 | 55.00 | |
| 11/15/2015 Tooth #: 5 UR O | D2391 | Resin-Based Composite - One | 100.00 | 45.00 | | | 45.00 | 55.00 | |
| 11/15/2015 Tooth #: 28 LR O | D2391 | Resin-Based Composite - One | 100.00 | 45.00 | | | 45.00 | 55.00 | |
| 11/15/2015 Tooth #: 29 LR O | D2391 | Resin-Based Composite - One | 100.00 | 45.00 | | | 45.00 | 55.00 | |
| 11/15/2015 Tooth #: 30 LR BOL | D2393 | Resin-Based Composite - Three | 150.00 | 60.00 | | | 60.00 | 90.00 | |
| 11/15/2015 Tooth #: 31 LR MOD | D2393 | Resin-Based Composite - Three | 150.00 | 60.00 | | | 60.00 | 90.00 | |
| 11/15/2015 Tooth #: 32 LR O | D2391 | Resin-Based Composite - One | 120.00 | 45.00 | | | 45.00 | 75.00 | |
| NET PAYMENT FOR CLAIM: $ 506.00 | | CLAIM TOTALS: | 1360.00 | 506.00 | 0.00 | 0.00 | 506.00 | 854.00 | |

EXHIBIT-3

104.   As indicated on the insurance statement representing Stepansky's request for
payments (Exhibit 3), Stepansky also fabricated a false office visit date.

105.   It was the November 18, 2015, when Mr. Kovalev called for the first time to
Defendant Stepansky's office and he made the first appointment for the November 20, 2015
to visit dental office of Defendant Stepansky.

106.   Mr. Kovalev visited Stepansky's office on November 20, 2015 and not on
November 15, 2015, as Stepansky claimed on her falsified insurance billing statement.

107.   Defendant Stepansky submitted a false claim to the insurance provider,
indicating that Mr. Kovalev was in her office on November 15, 2015. However, November

15, 2015 was the Sunday and five days before the actual Mr. Kovalev's first visit on
November 20, 2015.

108.    Exhibit 4, reflects computerized records generated by the telephone service
provider in relevance to Mr. Kovalev's telephone calls. On November 18, 2015, Mr. Kovalev
called to Stepansky's office to make an appointment; and on November 20, 2015, Mr.
Kovalev called to confirm his appointment.



109.    Furthermore, upon detailed examination, Mr. Kovalev also discovered some
areas on his teeth that were not listed on Stepansky's first billing statement but appeared as
the areas covered with white material (assumingly, used for dental fillings).

110.    Based on Stepansky's fraudulent activities, Mr. Kovalev believes that Stepansky
inflicted more injuries to him (more than listed on the Stepansky's first billing statement) and
she used fraudulent date for the first office visit (listed November 15, 2015, instead of

November 20, 2015) only to bill the insurance provider at a later time for additional not

permitted procedures that were not listed on Stepansky's first billing statement (Exhibit 3).

### 9. Injuries and Permanent Mutilations that were never permitted by Sergei Kovalev.

111.    After receiving a copy of Stepansky's billing statement from the insurance

provider (Exhibit 3), Mr. Kovalev's learned that on November 20, 2015, without his

permission, without any form of lawful authorization, and without his knowledge, in addition

to the permitted, but never completed work on the tooth #31, Defendant Stepansky, DMD

committed multiple counts of fraud and battery, when Stepansky intentionally destroyed, and

surgically removed at least eleven (11) healthy parts from at least seven (7) healthy teeth of

Mr. Kovalev. After destruction of the original body parts, Stepansky was covering inflicted

mutilations with synthetic polymer material.

112.    Performed without permission and without knowledge of Mr. Kovalev, not

authorized and unlawful battery, destruction of healthy teeth, and human body mutilations

can be described as the following acts performed on November 20, 2015 by Defendant

Stepansky, at the time when Stepansky disabled Sergei Kovalev with several injections

containing unknown drugs:

(a)   Destruction and surgical removal of the buccal surface of the healthy tooth #3;

(b)   Destruction and surgical removal of the occlusal surface of the healthy tooth #3;

(c)   Destruction and surgical removal of the lingual surface of the healthy tooth #3;

(d)   Destruction and surgical removal of the occlusal surface of the healthy tooth #4;

(e)   Destruction and surgical removal of the occlusal surface of the healthy tooth #5;

(f)   Destruction and surgical removal of the occlusal surface of the healthy tooth #28;

(g)   Destruction and surgical removal of the occlusal surface of the healthy tooth #29;

(h)   Destruction and surgical removal of the distal surface of the healthy tooth #30;

(i)   Destruction and surgical removal of the occlusal surface of the healthy tooth #30;

(j)   Destruction and surgical removal of the lingual surface of the healthy tooth #30;

(k)   Destruction and surgical removal of the occlusal surface of the healthy tooth #32;

(l)   Dental cleaning that was performed without permission of Mr. Kovalev;

(m)   Multiple injections of unknown drugs;

(n)   Administration of numerous harmful x-rays that were not needed.

113.   To the present time, Mr. Kovalev suffers from severe emotional distress and related physical trauma, including pain and discomfort in the areas mutilated by Defendant Stepansky, headaches, periods of hyperventilation, shortness of breath, sleeplessness, frequent and recurring nightmares, stress and anxiety, mental and emotional anguish and distress, intense painful tightening and pain in the face on the side of mutilating injuries inflicted by Stepansky, pain and discomfort irradiating to the parts of his head, neck and to other body parts.

114.   Sergei Kovalev suffered and continues to suffer from unlawful activities of Defendant Stepansky and activities of all other involved Stepansky's associates and co-conspirators, and will have additional dental problems and treatments as a result of unlawful and not authorized activities performed by Defendant Stepansky.

115.   For the rest of his life, Sergei Kovalev will need continuing restorative, palliative, surgical and other treatments to repair anatomical body parts intentionally removed and mutilated by Defendant Stepansky.

**10.   Violations of the HIPAA Act (federal Health Insurance Portability and Accountability Act of 1996).**

116.   On December 9, 2015, Mr. Kovalev called to the office of Defendant Stepansky and requested copies of his dental records, but Stepansky's representatives refused to give him any answers.

117.   On December 11, 2015, Mr. Kovalev called again to the office of Defendant Stepansky and requested again copies of his dental records. Stepansky's office representative

(member of the Enterprise) told falsely that HIPAA Act precludes them from releasing to patients copies of dental records.

118.    Contrary to such false claims of the office representative that was participating in Stepansky RICO Enterprise, it is the HIPAA Act (federal law about rights of patients) that obligates all health care providers to give patients a copy of medical records, when requested.

119.    Stepansky was monitoring and/or was listening the December 11, 2015 phone call, because in the middle of conversation with her office representative, she suddenly started talking to Mr. Kovalev.

120.    Stepansky refused to give Mr. Kovalev any copies of his health records and Stepansky ordered Mr. Kovalev never call her office again, because she would not give him any copies of dental records. After that, Stepansky disconnected the phone line.

121.    Defendant Stepansky was refusing to give Mr. Kovalev a copy of his medical records only to cover-up her activities that were unlawful and fraudulent, including a tort of battery in performance of multiple mutilating dental procedures that were performed without Mr. Kovalev's permission and without his knowledge.

### C.    SERGEI KOVALEV'S INTERACTIONS WITH DEFENDANT JOHN DOE.

122.    Defendant John Doe (I) is a competent adult individual that on November 20, 2015 was a member of Stepansky RICO Enterprise, who was willingly assisting Defendant Irina Stepansky in infliction of harm against Mr. Kovalev, in the dental office of Defendant Irina Stepansky, DMD located at 11911 Bustleton Avenue, Philadelphia, PA.

123.    Defendant John Doe was fully aware that he was participating in unlawful activities, because he was one of the first persons, whom on November 20, 2015 Mr. Kovalev informed that he wanted to treat only the tooth #31 and Mr. Kovalev never gave any permission to do any additional work, especially because no additional work was ever needed or ever requested by him.

124.    Defendant John Doe never refused to participate in unlawful acts of Defendant
Irina Stepansky, DMD and Doe never alerted Mr. Kovalev about unlawful acts of Defendant
Stepansky. However, Defendant John Doe represented himself as a person with some form of
dental training and it was his legal duty and obligation not to participate in unlawful activities
and to warn Mr. Kovalev about unlawful activities of Defendant Stepansky.

125.    On November 20, 2015, Defendant John Doe was willingly assisting Defendant
Stepansky during the entire unlawful procedure, by holding instruments, by conversing with
Defendant Stepansky about procedures, and from time to time, Defendant Stepansky was
even addressing some procedure-related questions to Defendant John Doe.

126.    Defendant John Doe was a member of Stepansky RICO Enterprise, he was the
co-conspirator of Defendant Stepansky and was a willing participant in all activities of
Defendant Irina Stepansky that were invented to inflict multiple counts of intentional battery
to Mr. Kovalev, only to defraud Mr. Kovalev and his health insurance provider.

### D.    APPLICABILITY OF PUNITIVE DAMAGES AGAINST DEFENDANTS

127.    Punitive damages are damages, other than compensatory or nominal damages,
awarded against a person to punish him for his outrageous conduct and to deter him and
others like him from similar conduct in the future.

128.    Mr. Kovalev is entitled to punitive damages as against all defendants because of
their unlawful, outrageous, willful, wanton conduct, and reckless behavior in regards to Mr.
Kovalev's health care and their tortuous, fraudulent, and misleading activities.

129.    Punitive damages can be awarded for the defendants' conduct that, as this case
demonstrates, was outrageous, because of the defendants' evil motives and reckless
indifference to the rights of Mr. Kovalev. Defendants' conduct was flagrant and grossly
deviating from any norms of civilized society.

130.   All defendants in this legal matter were clearly displaying willful conduct accompanied with malicious intent and reckless indifference to the rights, well-being and safety of Mr. Kovalev.

131.   Defendants acted outrageously when they made a conscious decision about a particular course of action. Defendants were aware of the harm that may be caused and did not try to avoid or prevent the harm.

132.   Mr. Kovalev was harmed by defendants' actions and has a case for punitive damages.

### E.   THIS RICO ACTION IS COMPLIANT WITH STATUTES OF LIMITATIONS

133.   Legal actions alleging RICO and RICO-related violations should be brought within four years after the discovery of the injury or violation.

134.   Contract-related actions follow the four-year statute of limitation.

135.   The causes of action representing private action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") violations have six-year statute of limitation.

136.   Any statute of limitation can only start running according to the discovery principle and from the time of the complete discovery of injury; and if discovery of violation is sufficient to allege comprehensive causes of action.

137.   In this matter, despite multiple diligent efforts, Plaintiff was not able to obtain his dental records from Defendant Stepansky until January 2019.

138.   Moreover, continuing violations doctrine, equitable estoppel, and the duress also are tolling any statutes of limitation.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 18 U.S.C. § 1962(c)
**Plaintiff vs. Irina Stepansky DMD, John Doe I, John and Jane Does 1-50,**
**and Stepansky Health Care Fraud Enterprise.**

139.    Plaintiff restates and incorporates herein by reference all allegations contained in the preceding paragraphs and all following relevant paragraphs of this Complaint as if fully set forth in their entirety.

140.    This Count is against Defendants Irina Stepansky DMD, John Doe I, John and Jane Does 1-50, including the Stepansky Health Care Fraud Enterprise (the "Count I Defendants").

141.    Plaintiff is a "person" within the meaning of 18 U.S.C. § 1964(c) and it provides: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee…".

142.    Defendants are "persons" within the meaning of 18 U.S.C. § 1961(3), who conducted the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

143.    The identities of many participants, members, and associates of Stepansky Enterprise are currently unknown but discoverable through the discovery process.

144.    The Count I Defendant(s) are employed by or associated with the enterprise.

145.    The Count I Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.

A.   **STEPANSKY HEALTH CARE FRAUD ENTERPRISE**

146.   The Stepansky Health Care Fraud Enterprise constitutes an "enterprise" as defined in 18 U.S.C. § 1961(4) ("Enterprise").

147.   Defendants conducted and participated in the conduct of the Stepansky Health Care Fraud Enterprise (the "Stepansky Enterprise") affairs through a pattern of racketeering activities.

148.   The Stepansky Health Care Fraud Enterprise is an enterprise engaged in activities that affect interstate commerce. The Count I Defendants are employed by or associated with the enterprise.

149.   The Stepansky Health Care Fraud Enterprise is an association-in-fact within the meaning of 18 U.S.C. § 1961(4) consisting of:

   (i)     Defendants, including their employees and agents;

   (ii)    Irina Stepansky Dental Office;

   (iii)   The Stepansky Participants;

   (iv)   The Owners Participants;

   (v)    The Corporate Participants.

150.   The Stepansky Health Care Fraud Enterprise is an ongoing organization that functions as a continuing unit.

151.   The Stepansky Health Care Fraud Enterprise was created and used as a tool to effectuate Defendants' pattern of racketeering activity.

152.   The Defendants - "persons" are distinct from the Stepansky Health Care Fraud Enterprise.

153.   The Stepansky Enterprise falls within the meaning of 18 U.S.C. § 1961(4) and consists of a group of "persons" associated together for the common purpose of racketeering activity [18 U.S.C. § 1961 (5)] through the "pattern of racketeering activity" that included at

least two and more acts of racketeering activity occurred within ten years after the commission of a prior act of racketeering activity.

154. Stepansky's activities did not occur without the help of others (collectively, the "Stepansky Participants"). Rather, over time, Stepansky created an Enterprise and enlisted the aid of the Complicit Parties including other companies, firms and individuals, to facilitate and conceal her pattern of illegal activities based on health insurance fraud, accompanied with intentional mutilations inflicted by Stepansky to her Patients.

155. This coalition of companies, firms and individuals became a part of the growing "Stepansky Health Care Fraud Enterprise", a RICO enterprise.

156. Stepansky Enterprise had many willing and active participants and associates, such as Defendant Stepansky herself, Defendant John Doe, Stepansky's office members and administrators; and other companies, firms, complicit entities, conspirators, and co-conspirators.

157. Stepansky Enterprise was founded on the theft and intentional destruction of human body parts in the course of manipulating the trust of Patients, whom Stepansky was misleading and defrauding by inflicting intentional injuries in the course of administering not needed intentional mutilating procedures under the guise of so-called the "treatment".

158. Mutilations of patients were performed for the purpose of illegal enrichment from the proceeds received in the course of conducting, among others, the health care fraud, insurance fraud, mail and wire fraud, and other racketeering activities.

159. The Stepansky Enterprise and Complicit Parties were using well organized mutual collaboration, cover-up activities, fraud, concealment, false advertisements, fraudulent dealings, extortion, false imprisonment, false and fraudulent insurance claims, transfer of funds obtained from illegal activities and other illicit proceeds, including money laundering, where all such activities were affecting interstate commerce and complicit parties

were using financial transactions, banks and financial institutions, were utilizing wire transmissions and transactions conducted through wires, and were regularly using mail in the course of Enterprise activities.

160.    The Stepansky Enterprise was engaged in interstate commerce, and its activities affect interstate commerce, because the Enterprise includes the individuals, companies and firms located outside of the State of Pennsylvania. Also the Enterprise and Defendants are using interstate-reaching ways of communication. In addition, Defendants are using regularly interstate wires and mails to perpetrate the fraudulent schemes.

161.    The common purpose of the Stepansky Enterprise was to use "get-rich-quick" fraud scheme devised to defraud unsuspected Patients with false and aggressive recommendations for not needed dental services that were falsely advertised and presented to Patients as if it was "needed".

162.    Even if patient would refuse to accept not needed dental services, it was not stopping Stepansky from mutilating a patient, only to get additional financial compensation from the patient or from the patient's insurance company.

163.    Sergei Kovalev went to the dental office operated by Defendant Irina Stepansky, DMD without any knowledge that Stepansky was operating the Health Care Fraud Enterprise, a RICO enterprise.

164.    Pursuant to and in furtherance of their fraudulent scheme, Defendants committed multiple related acts of racketeering activities that form the basis of the RICO claim.

**B.    DEFENDANTS' SCHEMES**

165.    Defendant Stepansky and Enterprise were practicing illicit and predatory behavior under a clear assumption that most of her patients cannot do anything and would never be able to bring a legal action against her, even if they would discover her unlawful activities.

166.     Defendant Stepansky and Enterprise invented multiple schemes or artifices to deprive Plaintiff and other persons similarly situated of the intangible right to honest services.

167.     Defendant Stepansky devised numerous fraudulent schemes ("Enterprise Schemes") to unlawfully obtain money and/or property of victimized Plaintiff and all other similarly situated patients, including unlawful collection of payments made by the health insurance companies for the services that were performed in tortious manner and without knowledge of patient and in most cases.

168.     Based on the experience of this Plaintiff, Stepansky's dental services were performed in fraudulent manner, and accompanied with intentional theft and destruction of healthy human body parts.

**1.  Defendants' Health Care Fraud and Insurance Fraud Schemes.**

169.     Defendant Stepansky's predatory behavior followed a pattern designed for her personal and Enterprise's enrichment and gratification at the expense of Plaintiff and other similarly situated individuals.

170.     In order to induce Plaintiff to use their services, Defendants misrepresented their services to the Plaintiff and to other patients.

171.     Each member of the Enterprise played a role in directing and participating in the Stepansky Health Care Fraud Enterprise.

172.     This was ongoing predatory behavior toward Patients, including the Plaintiff, whether they consented to dental procedures or not.

173.     Plaintiff and many other patients similarly situated were subjected the Stepansky's script of mutilation activities.

174.     Mr. Kovalev's health insurance program was covering installation of one dental filling for each of the 5 surfaces of each tooth, one time per each year; where program

participant can potentially receive installation of one dental filling (for each dental surface)
for all teeth, each year.

175.   Availability of health insurance coverage was the main reason that was used by
Defendant Stepansky for her fraudulent and deceptive activities and for infliction of
intentional harm against Mr. Kovalev.

176.   Stepansky conspired with other accomplices, associates and co-conspirators to
inflict multiple counts of battery against Mr. Kovalev, and to defraud him and his health
insurance program by inflicting the theft and destruction of multiple body parts, and
intentional mutilations of Mr. Kovalev in the form of surgical removal of multiple parts on
numerous healthy teeth, with Stepansky Enterprise's intention to collect large payments from
Mr. Kovalev's health insurance program.

177.   Defendant Stepansky was listed on the health insurance administrator's website
available over the Internet and she was using insurance program as a form of free
advertisement, only to lure unsuspected Plaintiff (and other people) to her office, so she will
be able to collect insurance payments and to extort additional payments from her patient(s).

178.   The facts described in this Complaint are pointing to the conclusion that Plaintiff
was subjected to multiple injuries only because Defendant Stepansky was pursuing desire for
illegal enrichment at the expense of Plaintiff's health and well-being.

179.   Not only Defendant Stepansky completed multiple counts of fraud and medical
battery against Plaintiff, this Defendant never completed the work on the tooth #31, for which
Plaintiff wanted to receive a treatment.

180.   Instead of providing a treatment only for the tooth #31, Defendant Stepansky
incapacitated Plaintiff with unknown drugs and intentionally drilled and surgically removed
numerous parts from multiple other healthy teeth in her fraudulent, reckless, intentional, and

deliberate acts invented by Stepansky to collect larger compensation from Plaintiff's insurance providers.

181.    Defendant Stepansky went to the appalling extent, as to defraud Plaintiff with her false assurances that she will be doing only dental work of the tooth #31, but after drugging and disabling Plaintiff with numerous injections of unknown drugs, she proceeded with deliberate theft and mutilation of Plaintiff's anatomical body parts.

182.    On November 20, 2015, Defendant Irina Stepansky made a fraudulent misrepresentation with knowledge of its falsity or recklessness as to whether it true or false and with the intent of misleading Plaintiff into relying on it.

183.    Defendant Stepansky created and insurance fraud scheme to defraud the governmental insurance program by inflicting intentional injuries to the Plaintiff in the form of intentional removal (by drilling and cutting off) multiple parts of Plaintiff's healthy teeth, only to collect larger payments from the insurance program.

184.    Defendant Stepansky intentionally performed not needed procedures and intentionally created false insurance claims, as described in this Complaint, and submitted false claims to the insurance program for the reimbursement. Defendant also used mails and wires transmissions, and interstate commerce to execute elaborate fraudulent schemes that were performed:

    (a)   with actual knowledge;

    (b)   in deliberate ignorance; and/or

    (c)   in reckless disregard to the rights and health of Plaintiff;

    (c)   with knowledge of its falsity and/or recklessness;

    (d)   with the intent of misleading Plaintiff into relying on it;

(e)   this fraud also caused permanent physical injuries, psychological trauma, pain

and suffering, loss of enjoyment of life, significant future potential financial losses to

Plaintiff, and constituted medical battery against Plaintiff.

185.     Defendant Stepansky's fraud also caused a theft of medical services and

additional harm to the health of Plaintiff who needed medical and dental services in the

future, but was not able to obtain it because Defendant Stepansky intentionally exhausted

dental insurance coverage for the affected body parts; and Plaintiff needed to wait additional

year to received covered dental procedures.

186.     While not properly treated and abandoned by Stepansky, who intentionally stole

and exhausted Plaintiff's insurance coverage, Plaintiff was experiencing constant pain and

suffering, mental anguish, and loss of the enjoyment of life.

187.     Defendant Stepansky was misrepresenting the facts, was defrauding Plaintiff,

and was providing false information to the Plaintiff and to his insurance program in the

course of Stepansky's efforts to acquire more payments from the insurance provider and from

the Plaintiff, when she was performing intentional mutilations of the Plaintiff, without his

permission.

188.     As a result of Defendant Stepansky's fraudulent activities, Plaintiff needed to

suffer on the daily basis and to live with unadjusted temporary dental filling that was finally

replaced only a year later.

189.     Plaintiff needed to wait the entire year, only because Defendant Stepansky

performed a theft of covered benefits and depleted Plaintiff's insurance coverage for the

entire year, without completing dental work for which, she falsely billed insurance provider

as for the completed work.

190.    Defendant Stepansky created a scheme, not only to collect payments from the insurance provider, but also to collect large payments from Plaintiff for the services that Plaintiff never needed.

191.    Defendant Irina Stepansky was using a scheme, where she was collecting or attempted to collect multiple insurance payments for not authorized, not needed, and not completed dental work. At the same time, Stepansky was extorting additional payments from Plaintiff to complete unfinished dental work for the same treatment areas, for which, Stepansky was billing insurance provider as for the fully completed dental work.

192.    Moreover, Stepansky was extorting additional payments for very expensive dental work that was not covered by the insurance provider.

193.    Accordingly, Stepansky's fraudulent scheme was to collect all possible insurance payments and all possible cash/or other form of personal payments from the Plaintiff for the same treatment areas that she was intentionally not completing (but was billing insurance as for completed services), only to create a plausible reason for her extortion of additional payments from the Plaintiff.

**2.  Defendants' Theft of Body Parts and Intentional Mutilations Scheme.**

194.    Defendant Stepansky's predatory behavior represents her personal and Enterprise's behavior of dealing with her patients.

195.    In order to induce Plaintiff to use their services, Defendants misrepresented their services to the Plaintiff and to other patients.

196.    Instead of providing a treatment only for the tooth #31, Defendant Stepansky incapacitated Plaintiff with unknown drugs and intentionally drilled and surgically removed numerous parts from multiple other healthy teeth in her fraudulent, reckless, intentional, and deliberate acts invented by Stepansky to collect larger compensation from Plaintiff's  (and other patients') insurance providers.

197.    Patients, as Mr. Kovalev were intentionally mutilated by Stepansky and body parts were intentionally stolen and destroyed; and after Stepansky would exhaust patient's health insurance benefits, patient would be instructed never to come back, never to call her again and never ask for the health records related to Stepansky's mutilation activities.

198.    Based on information and belief, the Plaintiff is not the only victim of Stepansky predatory activities and it is believed that many other patients of Stepansky were and most likely still are subjected to Stepansky Enterprise unlawful activities.

199.    Stepansky and her Enterprise are a danger for any civilized society.

**3.  Defendants' Financial Extortion scheme.**

200.    Irina Stepansky, DMD invented and used well-organized fraudulent schemes that Stepansky devised to injure and to defraud Plaintiff and other similarly situated patients.

201.    Stepansky was collecting health insurance payments from the health insurance program for dental work that was never permitted by Plaintiff and Stepansky was certifying to the insurance administrator that work is completed.

203.    Defendant Irina Stepansky was using a scheme, where she was collecting or attempted to collect multiple insurance payments for not authorized, not needed, and not completed dental work.

204.    At the same time, Stepansky was extorting additional payments from Plaintiff to complete unfinished dental work for the same treatment areas, for which, Stepansky was billing insurance provider as for the fully completed dental work.

205.    Moreover, Stepansky was extorting additional payments for very expensive dental work that was not covered by the insurance provider.

206.    Accordingly, Stepansky's fraudulent scheme was to collect all possible insurance payments and all possible cash/or other form of personal payments from the Plaintiff for the

same treatment areas that she was intentionally not completing only to create a plausible reason for the extortion of additional payments from the Plaintiff.

207.    Furthermore, Defendant Stepansky was intentionally creating a "hostage situation" by not completing dental work that Stepansky started but never finished.

208.    Stepansky knew that Mr. Kovalev was in pain and in severe discomfort, and Stepansky was intentionally using the extreme suffering of Mr. Kovalev to advance her financial extortion scheme.

209.    Irina Stepansky, DMD was using a fraudulent scheme that can be described as a "double-dipping", where Stepansky was collecting payments from the insurance companies and, at the same time, was extorting additional payments from the patients for the same work that Stepansky was reporting to the insurance companies as fully completed.

210.    Stepansky was using patient's suffering, inflicted personally by Stepansky, as an enforcement tool to compel victimized patient to pay Stepansky additional large sums of money.

211.    Stepansky was holding injured patient as a hostage in Stepansky's extortion scheme. Mr. Kovalev's pain and suffering was used by Stepansky as extortion leverage to compel injured patient to accept Stepansky's financial extortion demands.

212.    Stepansky was practicing illicit and predatory behavior under a clear assumption that most of her patients cannot do anything and would never be able to bring legal action against her, even if they would discover her unlawful activities.

### 4. Defendants' Scheme to violate HIPAA Act (Health Insurance Portability and Accountability Act of 1996).

213.    When Mr. Kovalev asked for the health records, Stepansky and her complicit parties refused to provide it, and defrauded him with not truthful claims the law prohibits disclosure of records.

214.    Defendant Stepansky was refusing to give Mr. Kovalev a copy of his medical records with intent to conceal activities that were unlawful and fraudulent, including a tort of battery in performance of multiple mutilating dental procedures that were performed without Mr. Kovalev's permission and without his knowledge.

**5. Defendants' Concealment Scheme.**

215.    Defendants, either on their own or through their agents, conspired to commit the wrongful acts alleged in this Complaint and/or committed or participated in the commission wrongful acts prohibited in the State of Pennsylvania, and causing the violations of RICO and the other causes of action set forth herein as well as Plaintiff's resultant injuries.

216.    Through the Enterprise, Defendants conspired to commit fraud and carry out the Scheme to defraud Plaintiffs as set forth herein.

217.    Furthermore, upon information and belief, Defendants knowingly and willfully conspired to conceal their unlawful activities.

218.    Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the Concealment Scheme. Plaintiff exercised reasonable diligence in attempting to uncover Defendants' fraud by confronting Defendants about their activities and misrepresentations, seeking out additional information from other sources, and by contacting his insurance administrators.

219.    When confronted by Plaintiff about the misrepresentations, Defendants became dismissive and angry with Plaintiffs and misled Plaintiffs in order to conceal the Schemes. Most Plaintiff was only able to discover is the fraudulent nature of the Schemes.

220.    As described in this Complaint, during multiple interactions with Stepansky Enterprise, Mr. Kovalev was instructing all involved Defendants and was explaining to each member of the Stepansky Enterprise that he wants the treatment for only one tooth #31 and absolutely nothing else.

221.   Defendant Stepansky agreed to replace just one dental filling on the tooth #31, and Stepansky assured Mr. Kovalev that she will be performing only the replacement of one dental filling on the tooth #31. Stepansky's assurances were false.

222.   After Defendant Stepansky injected Mr. Kovalev with multiple injections of unknown drugs and when Mr. Kovalev was disabled, Stepansky was performing a theft of Mr. Kovalev's body parts, mutilations and destructions of his healthy teeth.

223.   On November 20, 2015, Defendant Stepansky was only telling that she is working on the tooth #31; However, Stepansky never told and Mr. Kovalev had no knowledge and was not aware that in addition to the (permitted) work on the tooth #31, Stepansky subjected Mr. Kovalev to unlawful removal and destruction of multiple parts from at least seven (7) additional healthy teeth, where Defendant Stepansky removed and destroyed without Mr. Kovalev's knowledge or permission at least eleven (11) healthy teeth portions (in addition to the work on the tooth #31).

224.   On November 20, 2015, John Doe also received from Mr. Kovalev detailed explanations and instructions that he only wants the treatment for only one tooth #31 and absolutely nothing else.

225.   Defendant John Doe was fully aware that he was participating in unlawful activities and Doe was assisting Defendant Stepansky during her activities on November 20, 2015.

226.   Defendant John Doe never refused to participate in unlawful acts of Defendant Irina Stepansky, DMD and Doe never alerted Mr. Kovalev about unlawful acts of Defendant Stepansky.

227.   Only in December, 2015, Mr. Kovalev learned that on November 20, 2015, after Stepansky incapacitated and subdued him with multiple injections of unknown drugs, in addition to the work on the tooth #31(the work on the tooth #31 was permitted), Defendant

Irina Stepansky, DMD performed not permitted multiple additional mutilations of Mr. Kovalev's healthy teeth.

228.    When Mr. Kovalev asked for the health records, Stepansky and her complicit parties refused to provide it, and defrauded him with not truthful claims the law prohibits disclosure of records.

229.    Defendant Stepansky was intentionally refusing to give Plaintiff a copy of his medical records only to conceal her activities that were fraudulent and illegal, such as a tort of battery in performance of multiple mutilating dental procedures without permission of the Plaintiff.

## C.    OPERATION OF THE ENTERPRISE

230.    Defendants Irina Stepansky DMD, John Doe (I) and other additional Does (with identities unknown at present time) at all relevant times directed and, as it believed, continue to direct the operations of the Enterprise and conduct and participate in the affairs of the Enterprise.

231.    Defendants, either on their own or through their agents, at the time of the commission of the acts alleged herein, were found in, and/or transacted business in the State of Pennsylvania, and the cause of action which is the object of this Complaint arises out of business transactions and specific acts that took place within this judicial district.

232.    Defendants, either on their own or through their agents, conspired to commit the wrongful acts alleged in this Complaint within the State of Pennsylvania and/or committed or participated in the commission of those acts within the State of Pennsylvania, purposefully directing their wrongful acts toward the Philadelphia region and causing the violations of RICO and the other causes of action set forth herein as well as Plaintiff's resultant injuries.

233.    Defendants Irina Stepansky DMD, John Doe (I) and other additional Does used their licenses and permits as a guise of legitimacy to carry out the fraudulent schemes to

defraud and to injure unsuspected Patients in the Philadelphia area.

234.    Specifically, at least Defendants Irina Stepansky DMD and John Doe (I) made misrepresentations to the Plaintiff, and it believed to other patients, to induce them to use services of Irina Stepansky DMD and her associates and to pay for dental services that many affected parties never needed and/or were subjected to harmful serviced without knowledge.

235.    Defendants Irina Stepansky DMD and other additional Does were submitting falsified demands for payments to the insurance providers, were communicating with the insurance providers, and with the affected Patients, through the personal contacts, telephone communications, interstate wire transactions, numerous mailings, and were collecting and processing payments for the dental services that many affected parties never needed or were subjected to harmful serviced without knowledge.

236.    Unlawfully gained financial proceeds were used by the Enterprise to be invested in the Enterprise and to advance fraudulent schemes.

## D.    PATTERN OF RACKETEERING ACTIVITIES

237.    At all times relevant and in violation of 18 U.S.C. § 1962(c), Defendants conducted the affairs of the Enterprise through a pattern of racketeering activity, as defined in RICO, 18 U.S.C. § 1961(5), by virtue of the conduct described herein.

238.    Defendants furthered their Schemes, among other illegal activities, through engaging in frauds and swindles.

### 1.    Mail Fraud (18 U.S.C. § 1341)

239.    In connection with the wrongful acts and fraudulent conduct described herein, Defendants directly or indirectly used the means of interstate commerce, including mail transactions.

240.    Defendants were engaged in mail fraud because they used the interstate mails or caused the interstate mails to be used for the purpose of furthering and executing their fraud

related Schemes, as described in this Complaint.

241. Defendants' use of the mails was incident to an essential part of the scheme to defraud, namely to deceive and/or defraud, and to harm Plaintiff in his personal property by stealing and destroying Plaintiff's anatomical body parts, by intentionally exhausting Plaintiff's dental care benefits, and by forcing Plaintiff's health insurance administrators to pay for harmful and fraudulently administered dental mutilation services that Plaintiff expressly prohibited to perform.

242. The crime of mail fraud occurred when Defendants were sending mailings containing fraudulent payment demands addressed to Plaintiff's dental benefits insurance administrators located in Phoenix, Arizona.

243. Defendant Stepansky through association with other Defendants was demanding (and receiving) payments for not needed fraudulent services that were performed deceitfully and without knowledge of the Plaintiff, when he was disabled with multiple injections of unknown drugs.

244. These falsified and fraudulent documents were mailed between years 2015 and 2016 from Irina Stepansky Dental Office located at 11911 Bustleton Avenue, Philadelphia, PA 19116, and payments were mailed to Stepansky Dental Office from Avesis Third Party Administrators, Inc., P.O. Box 7777, Phoenix, AZ 85011-7777; and from Avesis Third Party Administrators, Inc., P.O. Box 38300, Phoenix, AZ 85069-8300, and possibly also from some other locations.

245. When Mr. Kovalev complained to his insurance administrator that he never went to Stepansky's office on November 15, 2015, Stepansky created and mailed a new set of false insurance billings with the correct date, but still for the same falsely and fraudulently performed mutilating procedures.

246.    Information about dates of mail frauds was obtained from the dental records that Plaintiff received only in January, 2019.

247.    Stepansky Enterprise was inventive and was not stopping until Defendants would finish collecting money from Mr. Kovalev's insurance provider for mutilations and fraudulently intentionally inflicted by Defendants.

248.    In addition, Defendants used the mails as the primary method to communicate with Plaintiff's insurance administrators and for mailing deceptive advertisements luring people to come to the Stepansky's Dental Office, where people, including Plaintiff, were not able to receive any honest services.

249.    Most likely, there are additional occurrences of wire fraud that can be discovered during discovery process.

250.    Defendants' mailings of falsified insurance statements were intended to cause the Plaintiff injury in his person and property, because such fraudulent money demands addressed to the Plaintiff's insurance administrators fraudulently exhausted covered dental benefits.

251.    Because of Stepansky Enterprise activities' affect and impact, the Plaintiff and others similarly situated persons were harmed.

252.    As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his property and livelihood.

**2.  Wire Fraud (18 U.S.C. § 1343)**

253.    In connection with the wrongful acts and fraudulent conduct described herein, Defendants directly or indirectly used the means of interstate commerce, including wire transactions.

254.    Defendants were engaged in wire fraud because they used the interstate wires or

caused the interstate wires to be used for the purpose of furthering and executing their fraud related Schemes, as described in this Complaint.

255.   The crime of wire fraud occurred when Defendants, Stepansky and her Enterprise associates, were using telephone wired lines representing an interstate communications device and were defrauding Plaintiff, on December 9 and December 11, 2015, with false statements that HIPAA Act prohibits releasing to patients copies of medical records.

256.   Wire fraud also happened on November 18 and November 20, 2015, when members of Stepansky Enterprise were taking Plaintiff's phone calls, where he was telling that he only wants to receive dental work for the tooth #31; and later, these members of Stepansky fraud Enterprise were participating in intentional mutilations of the Plaintiff.

257.   Wire fraud, in addition, happened on November 18, 2015, when after Plaintiff made an appointment for November 20, 2015, the members of Stepansky fraud Enterprise were accessing Plaintiff's confidential health records and were fraudulently searching for all previous dental work and for all remaining dental benefits, so Stepansky fraud Enterprise can use it as a guidance for infliction of mutilations to the Plaintiff's, when these mutilations were specifically organized with the intention to be paid by the Plaintiff's insurance for all intentionally inflicted mutilations.

258.   Information about some dates for wire frauds was obtained from the dental records that Plaintiff received only in January, 2019.

259.   Most likely, there are additional occurrences of wire fraud that can be discovered during discovery process.

260.   Defendants' wire fraud was intended to cause the Plaintiff injury in his person and property.

261.   Defendants, each, participated in the fraud Schemes knowingly, willfully, and with a specific intent to defraud the Plaintiff. Plaintiff relied on Defendants' fraudulent claims

and assurances and was severely harmed.

262.    Defendants' conduct constitutes a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5) because Defendants, through interstate commerce, committed multiple related acts of wire fraud.

263.    Because of Stepansky Enterprise activities' affect and impact, the Plaintiff and others similarly situated persons were harmed.

264.    As a direct and proximate result of the Count 1 Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his property and livelihood.

**3.   Honest Services Fraud (18 U.S.C. § 1346)**

265.    In connection with the wrongful acts and fraudulent conduct described in this Complaint, Defendants denied honest services to the Plaintiff and in the same way, Defendants were defrauding and deceiving Plaintiff's health insurance program.

266.    The honest services fraud is a crime defined in 18 U.S.C. § 1346 which states "... the term scheme or artifice to defraud includes a scheme or artifice to deprive another of the intangible right of honest services."

267.    18 U.S.C. § 1346 is applicable to cases in which private parties breached a fiduciary duty to another.

268.    In connection with the wrongful acts and fraudulent conduct described in this Complaint, Defendants defrauded, deceived, stole and destroyed Plaintiff's the most valuable property, his own irreplaceable anatomical body parts.

269.    Defendant Irina Stepansky and other Defendants breached a fiduciary duty owed to the Plaintiff, when Defendants invented a scheme to defraud, to deceive, and to harm Plaintiff in his personal property by stealing and destroying Plaintiff's anatomical body parts, by intentionally exhausting Plaintiff's dental care benefits, and by forcing Plaintiff's health

insurance administrators to pay for harmful and fraudulently administered dental mutilation services that Plaintiff expressly prohibited to perform.

270.    Defendant Stepansky through association with other Defendants was demanding (and receiving) payments for not needed fraudulent services that were performed deceitfully and without knowledge of the Plaintiff.

271.    Because of Stepansky Enterprise activities' affect and impact, the Plaintiff and others similarly situated persons were harmed.

272.    As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his property and livelihood.

### 4.    Reckless Endangerment (Pennsylvania 18 Pa.C.S. § 2705)

273.    On November 20, 2015, Defendant Irina Stepansky, DMD was specifically *recklessly endangering* (18 Pa.C.S. § 2705) the life and the health of the Plaintiff by Stepansky's own direct violent acts involving multiple injections of drugs, only to cover-up Stepansky' unlawful activities and to make Plaintiff unaware of the extent of not authorized mutilations inflicted to him by Stepansky. Such excessive injections of drugs and excessive anesthesia were dangerous to the life and the health of the Plaintiff.

### 5.    Assault and Battery (Pennsylvania 18 Pa.C.S. § 2701 Et Seq.)

274.    Defendant Irina Stepansky, DMD was violating State statutes prohibiting *assault and battery* against the patient (18 Pa.C.S. § 2701 et seq.). Defendant was personally inflicting multiple acts of battery against Plaintiff by implementing violent acts of brutal destruction of Plaintiff's anatomical body parts and by mutilating Plaintiff's body structures without his permission; including multiple not permitted and not authorized unlawful invasive surgical procedures. Defendant was financially benefiting, or attempted to benefit financially from the battery inflicted against Plaintiff. The law of the State of Pennsylvania

prohibits battery against person.

### 6.   False Imprisonment (Pennsylvania 18 Pa.C.S. § 2903).

275.   As presented in this Complaint, Defendant Irina Stepansky and Stepansky Enterprise were violating On November 20, 2015 State statutes prohibiting *false imprisonment* (18 Pa.C.S. § 2903). False imprisonment, as it was inflicted against Plaintiff, is applicable to the conduct of Defendant Stepansky and false imprisonment is strictly prohibited by provisions of this State law.

276.   On November 20, 2015, Defendant Irina Stepansky, DMD falsely imprisoned Plaintiff in the boundaries of Stepansky's office when after disabling Plaintiff with multiple anesthesia injections, Defendant Stepansky was intentionally mutilating and removing Plaintiff's anatomical body parts without Plaintiff's permission. Defendant Stepansky subjected Plaintiff to false imprisonment (18 Pa.C.S. § 2903).

### 7.   Insurance Fraud (Pennsylvania 18 Pa.C.S. § 4117).

277.   As presented in this Complaint, Defendant Irina Stepansky and Stepansky Enterprise were violating the State statutes prohibiting *insurance fraud* (18 Pa.C.S. § 4117). Defendant was participating in health insurance fraud and Defendant was financially benefiting, or attempted to benefit financially from fraudulent activities of human body mutilations inflicted by Stepansky upon Plaintiff.

278.   The law of the State of Pennsylvania prohibits insurance fraud and any other fraudulent activities. Health insurance fraud is applicable to the conduct of Defendant Irina Stepansky, DMD; and insurance fraud is strictly prohibited by provisions of this State law.

### 8.   Deceptive or Fraudulent Business Practices (18 Pa.C.S. § 4107(5)(6))

279.   As presented in this Complaint, Defendant Irina Stepansky and Stepansky Enterprise were violating the State of Pennsylvania statutes prohibiting *deceptive or fraudulent business practices* (18 Pa.C.S. § 4107(5)(6)), when Defendant Stepansky made

knowingly and recklessly deceptive false and misleading statements and induced Plaintiff to

rely on a false and misleading statements that Stepansky made to the Plaintiff for the purpose

of obtaining financial compensation from the Plaintiff's health insurance provider for not

permitted by the Plaintiff human body mutilations inflicted by Stepansky.

280.    The law of the State of Pennsylvania prohibits deceptive or fraudulent business

practices and any other fraudulent activities.

**9.    Pattern of racketeering activities attributable to the Stepansky Enterprise is not
limited only to this case and is going back many years before Plaintiff visited
Irina Stepansky DMD.**

281.    Upon information and belief, the Plaintiff is not the only victim that was injured,

harmed, deceived, defrauded, and otherwise negatively affected.

282.    Upon information and belief, many other patients that were in contact with

Defendant Irina Stepansky, DMD, became victims of Defendants' frauds and swindles.

283.    The predicate acts were not isolated events, but were a wide-spread pattern of

related acts aimed at the common purpose and goal of defrauding unsuspected victims-

patients for profit.

284.    The predicate acts involved the same or similar methods of commission. They

involve Defendants' knowing and purposeful misrepresentations to about some or all of the

following: (1) false assurances with intent to defraud and to injure, (2) health insurance fraud,

including billings for inflicted intentional injuries and for the work that patent was not

requesting and often not even aware, (3) honest services fraud, and similar Schemes, as

described above.

285.    Defendants' activities amounted to a common course of action with a similar

pattern and purpose to defraud a large number of similarly situated victims on a frequent

basis and possibly daily basis, over a period of many years.

286.    Defendants hold themselves out to the community as dental practitioners. The

predicate acts were Defendants' regular way of operating Irina Stepansky Dental Office and Stepansky Enterprise, such that the scale of the harm caused by Defendants goes beyond the Plaintiff named herein.

### a.   Plaintiff's Personal Observation – Stepansky's Deception and Fraud.

287.     During only two visits made to Defendant Stepansky dental office, Plaintiff personally observed the following:

288.     Additional Pattern 1: During the two visits made to Defendant Stepansky Dental Office, the Plaintiff personally observed at least one female patient who was complaining to Stepansky (in presence of the Plaintiff, who was sitting in the reception area) about dental services that were not approved by the patient (according to the patient), but were performed by Defendant Stepansky without knowledge of the patient, where patient learned about Stepansky's activities only after Defendant Stepansky sent a bill to the patient, who was not even aware that such services were performed; and accordingly, patient was not even aware of the additional procedures at the time when Stepansky was performing her work.

289.     Additional Pattern 2: During the two visits made to Defendant Stepansky's dental office, the Plaintiff personally observed a family with teenage son (13-15 years old) who was accompanied by the parents; however, when parents wanted to enter the treatment room and told that they want to be present during the treatment, Stepansky and her office manager stopped parents from entering into the treatment room, by putting themselves in front of such parents, and parents were disallowed the entrance, despite their desire to be present, under the pretention that they will be distracting their son. However, parents have the right to accompany any minor during the treatment procedures. It is believed that parents were intentionally not allowed to enter the treatment room only to prevent them from observing Stepansky's fraudulent administration of not needed treatments (mutilations).

### b.    Public Evidence - Stepansky Enterprise Pattern of Racketeering.

290.    The Internet became a public way for the people to express their concerns about services that they are receiving; however, the people that were visiting Stepansky Dental Office are expressing very serious concerns regarding honesty of Irina Stepansky, DMD.









291.    Websites that are offering patients' ratings are revealing extremely disturbing facts about Defendant Stepansky DMD. These facts are clearly indicating the pattern of RICO activities conducted by Defendant Stepansky and by Stepansky Enterprise. Exhibits are showing what other people were telling about Defendant Stepansky in 2010, 2013, 2016, 2017, and this list can continue. People are describing Defendant Stepansky in extremely negative way, such as, HORRIBLE EXPERIENCE", "AWFUL DOCTOR", "NOT EVEN A TRUE DENTIST", dentist that had intention to "ROB AND INSULT THEM" [the people] and people were recommending "DO NOT GO TO THIS WOMAN", "IRINA IS COMPLETE HACK. I WOULD HAVE CALLED HER A DR BUT SHE DESTROYED MY TEETH AND NOW THEY ARE RUINED FOREVER". These descriptions are very close to what happened to the Plaintiff in Stepansky Dental Office.

292.    Attached Exhibits are showing the real side of the Stepansky Enterprise and it is showing that upon information and belief, the Stepansky Enterprise's racketeering activities were and are continuing for many years; and destruction of Plaintiff's human body parts was not a single episode of the Stepansky Enterprise's activities.

## E.    INJURIES SUFFERED BY THE PLAINTIFF

293.    Because of Stepansky Enterprise activities' affect and impact, the Plaintiff and others similarly situated persons were harmed.

294.    As a direct and proximate result of the Count 1 Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his property and

livelihood.

295.    Defendants' conduct has caused to Mr. Kovalev widespread harm and damage to his anatomical body property, including the loss of body parts, injuries, emotional distress and trauma, loss of the enjoyment of life, and other harm, for which Defendants must be held responsible.

296.    Mr. Kovalev was battered, defrauded, severely injured, severely mutilated; and he lost multiple body parts due to Stepansky and her Enterprise's unlawful activities.

297.    Mr. Kovalev's healthy body parts were stolen by Defendant Stepansky, who committed a theft and intentional destruction of Mr. Kovalev's body parts only to defraud his insurance program with her intention of enriching herself and her enterprise at the expense of Mr. Kovalev's health and well-being.

298.    Mr. Kovalev's learned that on November 20, 2015, without his permission, without any form of lawful authorization, and without his knowledge, in addition to the permitted, but never completed work on the tooth #31, Defendant Stepansky, DMD committed multiple counts of infliction of permanent injuries and intentional battery, when Stepansky purposely destroyed, and surgically removed at least eleven (11) healthy parts from at least seven (7) healthy teeth of Mr. Kovalev.

299.    Performed without permission and without knowledge of Mr. Kovalev, not authorized and unlawful battery, destruction of healthy teeth, and human body mutilations can be described as the following acts performed on November 20, 2015 by Defendant Stepansky, at the time when Stepansky disabled Sergei Kovalev with several injections containing unknown drugs:

(a)  Destruction and surgical removal of the buccal surface of the healthy tooth #3;

(b)  Destruction and surgical removal of the occlusal surface of the healthy tooth #3;

(c)  Destruction and surgical removal of the lingual surface of the healthy tooth #3;

(d)  Destruction and surgical removal of the occlusal surface of the healthy tooth #4;

(e)  Destruction and surgical removal of the occlusal surface of the healthy tooth #5;

(f)  Destruction and surgical removal of the occlusal surface of the healthy tooth #28;

(g)  Destruction and surgical removal of the occlusal surface of the healthy tooth #29;

(h)  Destruction and surgical removal of the distal surface of the healthy tooth #30;

(i)  Destruction and surgical removal of the occlusal surface of the healthy tooth #30;

(j)  Destruction and surgical removal of the lingual surface of the healthy tooth #30;

(k)  Destruction and surgical removal of the occlusal surface of the healthy tooth #32;

(l)  Dental cleaning that was performed without permission of Mr. Kovalev;

(m)  Multiple injections of unknown drugs;

(n)  Administration of numerous harmful x-rays that were not needed.

300.  To the present time, Mr. Kovalev suffers from severe emotional distress and related physical trauma, including pain and discomfort in the areas mutilated by Defendant Stepansky, headaches, periods of hyperventilation, shortness of breath, sleeplessness, frequent and recurring nightmares, stress and anxiety, mental and emotional anguish and distress, intense painful tightening and pain in the face on the side of mutilating injuries inflicted by Stepansky, pain and discomfort irradiating to the parts of his head, neck and to other body parts.

301.  Sergei Kovalev suffered and continues to suffer from unlawful activities of Defendant Stepansky and activities of all other involved Stepansky's associates and co-conspirators, and will have additional dental problems and treatments as a result of unlawful and not authorized activities performed by Defendant Stepansky.

302.  For the rest of his life, Sergei Kovalev will need continuing restorative, palliative, surgical and other treatments to repair anatomical body parts intentionally removed and mutilated by Defendant Stepansky.

303.    As a further result of the all defendants' activities, Plaintiff suffered and will continue to suffer from numerous dental treatments, pain and suffering, mental trauma, mental and psychological distress, loss of enjoyment of life, and will be incurring medical/dental and related expenses.

304.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c) and (d), Plaintiff has been injured in his property and his livelihood.

305.    Plaintiff was defrauded and lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and Defendants' fraud.

306.    For Plaintiff, the loss of irreplaceable anatomical body parts is devastating.

307.    Plaintiffs' injuries were a direct, proximate, and reasonably foreseeable result of Defendants' violations of 18 U.S.C. § 1962(c) and (d).

308.    Pursuant to 18 U.S.C. § 1964(c) and (d), Plaintiff is entitled to recover from Defendants threefold the damages he already sustained and would sustain in the future, the costs of the suit and attorneys' fees.

309.    WHEREFORE, Plaintiff Sergei Kovalev requests that this Court enter judgment against Count 1 Defendants for actual damages and treble damages, including but not limited to compensatory damages for each of the destroyed and lost body part, where mutilating procedures and destructions were performed without Plaintiff's permission, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, attorneys' fees, prejudgment and post-judgment interest and other such relief as the Court deems appropriate.

## COUNT II

### VIOLATION OF 18 U.S.C. § 1962(a)

#### Plaintiff vs. Irina Stepansky DMD, John Doe I, John and Jane Does 1-50, and Stepansky Health Care Fraud Enterprise.

310.     Plaintiff restates and incorporates herein by reference all allegations contained in the preceding paragraphs and in all following relevant paragraphs of this Complaint as if fully set forth in their entirety.

311.     This Count is against Defendants Irina Stepansky DMD, John Doe I, John and Jane Does 1-50, including the Stepansky Health Care Fraud Enterprise (the "Count II Defendants").

312.     18 U.S.C. § 1962(a) provides that:

"It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity ..., to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce..."

313.     The Stepansky Health Care Fraud Enterprise is an enterprise engaged in and whose activities affect interstate commerce.

314.     Defendants directly used and/or invested in, at least a part of the income that was derived from a pattern of racketeering activity, in operation, maintenance, and improvement of the criminal Enterprise affecting interstate commerce.

315.     Defendant Irina Stepansky and Stepansky Enterprise, at least partially, were using the income that was derived from a pattern of racketeering activities for paying salaries, extending of operations, payments for advertisements, purchase of supplies and equipment, office improvements and office maintenance of the Irina Stepansky Dental office located at 11911 Bustleton Avenue, Philadelphia, PA 19116.

315.     Defendant Irina Stepansky, Irina Stepansky Dental Office and Stepansky Enterprise are involved in interstate commerce, through contacts reaching outside of the State of Pennsylvania boundaries and through a receipt of payment arriving to Irina Stepansky

Dental Office and to Stepansky Enterprise from the States located in distance from the State of Pennsylvania.

316.     Defendant Irina Stepansky, Irina Stepansky Dental Office and Stepansky Enterprise are involved in interstate commerce, through the regular use of interstate commerce affecting mails and communications conducted through the wire, where both, the mails and wires are a part of interstate commerce extending throughout boundaries of the entire United States and into the foreign countries.

317.     The racketeering activities listed above in this Complaint constitute a pattern of Stepansky Enterprise racketeering activity pursuant to 18 U.S.C. § 1961(5).

318.     As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(a), Plaintiff has been injured in his property and his livelihood.

319.     Plaintiff was defrauded and lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and Defendants' fraud.

320.     For Plaintiff, the loss of irreplaceable anatomical body parts is devastating.

321.     Plaintiffs' injuries were a direct, proximate, and reasonably foreseeable result of Defendants' violations of 18 U.S.C. § 1962(a).

322.     Pursuant to 18 U.S.C. § 1964(c) and (d), Plaintiff is entitled to recover from Defendants threefold the damages he already sustained and would sustain in the future, the costs of the suit and attorneys' fees.

323.     WHEREFORE, Plaintiff Sergei Kovalev requests that this Court enter judgment against Count II Defendants for actual damages and treble damages, including but not limited to compensatory damages for each of the destroyed and lost body part, where mutilating procedures and destructions were performed without Plaintiff's permission, special damages,

compensation for pain and suffering, loss of enjoyment of life, psychological trauma,

emotional distress and mental anguish; and award for costs, including court costs, attorneys'

fees, prejudgment and post-judgment interest and other such relief as the Court deems

appropriate.

**COUNT III**

**VIOLATION OF 18 U.S.C. § 1962(b)**

**Plaintiff vs. Irina Stepansky DMD, John Doe I, John and Jane Does 1-50,**
**and Stepansky Health Care Fraud Enterprise.**

324.     Plaintiff restates and incorporates herein by reference all allegations contained in

the preceding paragraphs and in all following relevant paragraphs of this Complaint as if fully

set forth in their entirety.

325.     This Count is against Defendants Irina Stepansky DMD, John Doe I, John and

Jane Does 1-50, including the Stepansky Health Care Fraud Enterprise (the "Count III

Defendants").

326.     18 U.S.C. § 1962(b) provides that:

> "It shall be unlawful for any person through a pattern of racketeering activity or
> through collection of an unlawful debt to acquire or maintain, directly or indirectly,
> any interest in or control of any enterprise which is engaged in, or the activities of
> which affect, interstate or foreign commerce."

327.     The Stepansky Health Care Fraud Enterprise is an enterprise engaged in and

whose activities affect interstate commerce.

328.     The Count III Defendants acquired and maintained interests in and control of the

Stepansky Health Care Fraud Enterprise through a pattern of racketeering activity.

329.     The Count III Defendants have directly and indirectly acquired and maintained

interests in and control of the enterprise through the pattern of racketeering activity described

above, in violation of 18 U.S.C. § 1962(b).

330.     The Enterprise's racketeering activities listed above constitutes a pattern of

racketeering activity pursuant to 18 U.S.C. § 1961(5).

331.    Defendants directly used and/or invested in, at least a part of the income that was derived from a pattern of racketeering activity, in operation, maintenance, and improvement of the criminal Enterprise affecting interstate commerce.

332.    Defendant Irina Stepansky and Stepansky Enterprise, at least partially, were using the income that was derived from a pattern of racketeering activities for paying salaries, extending of operations, payments for advertisements, purchase of supplies and equipment, office improvements and office maintenance of the Irina Stepansky Dental office located at 11911 Bustleton Avenue, Philadelphia, PA 19116.

333.    As a direct and proximate result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(b), Plaintiff has been injured in his property and his livelihood.

334.    Plaintiff was defrauded and lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and Defendants' fraud.

335.    For Plaintiff, the loss of irreplaceable anatomical body parts is devastating.

336.    Plaintiffs' injuries were a direct, proximate, and reasonably foreseeable result of Defendants' violations of 18 U.S.C. § 1962(b).

337.    Pursuant to 18 U.S.C. § 1964(c) and (d), Plaintiff is entitled to recover from Defendants threefold the damages he already sustained and would sustain in the future, the costs of the suit and attorneys' fees.

338.    WHEREFORE, Plaintiff Sergei Kovalev requests that this Court enter judgment against Count II Defendants for actual damages and treble damages, including but not limited to compensatory damages for each of the destroyed and lost body part, where mutilating procedures and destructions were performed without Plaintiff's permission, special damages,

compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, attorneys' fees, prejudgment and post-judgment interest and other such relief as the Court deems appropriate.

## COUNT IV
### CONSPIRACY TO VIOLATE 18 U.S.C. § 1962(a), (b), and (c)
### Plaintiff vs. Irina Stepansky DMD, John Doe I, John and Jane Does 1-50, and Stepansky Health Care Fraud Enterprise.

339.    Plaintiff restates and incorporates herein by reference all allegations contained in the preceding paragraphs and in all following relevant paragraphs of this Complaint as if fully set forth in their entirety.

340.    This Count is against Defendants Irina Stepansky DMD, John Doe I, John and Jane Does 1-50, including the Stepansky Health Care Fraud Enterprise (the "Count IV Defendants").

341.    Section 1962(d) of RICO provides that it "shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section."

342.    Defendants, either on their own or through their agents, conspired to commit the wrongful acts alleged in this Complaint and causing the violations of RICO Act and the other causes of action set forth herein as well as Plaintiff's resultant injuries.

343.    Through the Enterprise, Defendants conspired to commit fraud and carry out multiple schemes in violation of 18 U.S.C. § 1962(a), (b), and (c), among others, Health Care Fraud Scheme, Insurance Fraud Scheme, Theft of Body Parts Scheme, Financial Extortion Scheme, Concealment Scheme, and Scheme to violate HIPAA Act (collectively, the "Schemes"), only to defraud Plaintiffs and similarly situated patients, as set forth in this Complaint.

344.    Defendants knowingly agreed to the overall objective of the conspiracy to profit by taking advantage of their patients, and agreed to commit mail and wire fraud in furtherance of their Schemes.

345.    Upon information and belief, Defendants' conspiracy includes members of the Enterprise, as well as various unknown employees and agents of Stepansky dental office.

346.    Defendants knowingly and willingly combined, conspired, confederated, and agreed together and with others to violate 18 U.S.C. § 1962(a), (b), and (c) and to conduct and participate in the affairs of the Enterprise through a pattern of racketeering activity.

347.    Defendants were engaged in overt acts in furtherance of the conspiracy, including engaging in, or supporting each other in engaging in a pattern of racketeering activity that involves conduct that constitutes mail and/or wire fraud under 18 U.S.C. § 1341.

348.    Defendants have engaged in other overt acts in furtherance of the conspiracy, including making false and misleading representations to Plaintiff, Plaintiff's insurance administrators, and other similarly affected parties; and otherwise participating in the daily operations of the Enterprise.

349.    Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further multiple Schemes.

350.    Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(a), (b), and (c).

351.    Furthermore, upon information and belief, Defendants knowingly and willfully conspired to conceal their Schemes.

352.    Plaintiff exercised reasonable diligence in attempting to uncover Defendants' fraud by confronting Defendants about their activities and misrepresentations, seeking out additional information from other sources, and by contacting his insurance administrators.

353.     When confronted by Plaintiff about the misrepresentations, Defendants became dismissive and angry with Plaintiffs and misled Plaintiffs in order to conceal the Schemes. Most Plaintiff was able to discover is the fraudulent nature of the Schemes.

354.     Defendants have violated section 1962(d) by conspiring to violate § 1962(a), (b), and (c).

355.     The objects of this conspiracy have been and are to conduct or participate in, directly or indirectly, the conduct of the affairs of the § 1962(a), (b), and (c) Enterprise described previously through a pattern of racketeering activity.

356.     As demonstrated in detail above, Defendants and co-conspirators, including, but not limited to the Stepansky Enterprise, have engaged in numerous overt and predicate fraudulent racketeering acts in furtherance of the conspiracy.

357.     The nature of the above-described Defendants' acts in furtherance of the conspiracy gives rise to an inference that they not only agreed to the objective of an 18 U.S.C. § 1962(d) violation of RICO by conspiring to violate § 1962(a), (b), and (c), but also were aware that their ongoing fraudulent acts have been and are part of an overall pattern of racketeering activity. At all relevant times, all Defendants and all Defendants' co-conspirators were aware of the essential nature and scope of the Enterprise and intended to participate in it.

358.     Defendants have sought to and have engaged in the violations of the above federal laws and the effects thereof detailed above are continuing and will continue unless injunctive relief prohibiting Defendants' illegal acts constituting a pattern of racketeering activity is fashioned and imposed by the Court.

359.     As set forth in this Complaint, the Count IV Defendants agreed and conspired to violate 18 U.S.C. § 1962(a) (b) and (c). Specifically, (1) use or invest income that is derived from a pattern of racketeering activity in an interstate enterprise (§ 1962(a)); (2) acquire or

maintain interests in the enterprise through a pattern of racketeering activity (§ 1962(b)); and (3) conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity (§ 1962(c)).

360.    The Count IV Defendants have intentionally conspired and agreed to use, directly and indirectly, or invest income that is derived from a pattern of racketeering activity in an interstate commerce, acquire or maintain interests in the enterprise through a pattern of racketeering activity, and conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

361.    The Count IV Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C.A. § 1962(a), (b) and (c), in violation of 18 U.S.C. § 1962(d).

362.    As direct and proximate result of the Count IV Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), Plaintiff has been injured in his property and his livelihood.

363.    Plaintiff was defrauded and lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and Defendants' fraud.

364.    For Plaintiff, the loss of irreplaceable anatomical body parts is devastating.

365.    Plaintiffs' injuries were a direct, proximate, and reasonably foreseeable result of Defendants' violations of 18 U.S.C. § 1962(d).

366.    Pursuant to 18 U.S.C. § 1964(c) and (d), Plaintiff is entitled to recover from Defendants threefold the damages he already sustained and would sustain in the future, the costs of the suit and attorneys' fees.

367.    WHEREFORE, Plaintiff Sergei Kovalev requests that this Court enter judgment

against Count IV Defendants for actual damages and treble damages, including but not limited to compensatory damages for each of the destroyed and lost body part, where mutilating procedures and destructions were performed without Plaintiff's permission, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, attorneys' fees, prejudgment and post-judgment interest and other such relief as the Court deems appropriate.

**COUNT V**
**HONEST SERVICES FRAUD (18 U.S.C. § 1346)**
**Plaintiff vs. Irina Stepansky DMD, John Doe I, John and Jane Does 1-50,**
**and Stepansky Health Care Fraud Enterprise.**

368.    Plaintiff restates and incorporates herein by reference all allegations contained in the preceding paragraphs and in all following relevant paragraphs of this Complaint as if fully set forth in their entirety.

369.    This Count is against Defendants Irina Stepansky DMD, John Doe I, John and Jane Does 1-50, including the Stepansky Health Care Fraud Enterprise (the "Count V Defendants").

370.    In connection with the wrongful acts and fraudulent conduct described in this Complaint, Defendants denied honest services to the Plaintiff and in the same way, Defendants were defrauding and deceiving Plaintiff's health insurance program.

371.    The honest services fraud is a crime defined in 18 U.S.C. § 1346 which states "... the term scheme or artifice to defraud includes a scheme or artifice to deprive another of the intangible right of honest services."

372.    18 U.S.C. § 1346 is applicable to cases in which private parties breached a fiduciary duty to another, including all Defendants and Stepansky Enterprise.

373.    In connection with the wrongful acts and fraudulent conduct described in this

Complaint, Defendants defrauded, deceived, stole and destroyed Plaintiff's the most valuable property, his own irreplaceable anatomical body parts.

374.    Defendant Irina Stepansky and other Defendants breached a fiduciary duty owed to the Plaintiff, when Defendants invented a scheme to defraud, to deceive, and to harm Plaintiff in his personal property by stealing and destroying Plaintiff's anatomical body parts, by intentionally exhausting Plaintiff's dental care benefits, and by forcing Plaintiff's health insurance administrators to pay for harmful and fraudulently administered dental mutilation services that Plaintiff expressly prohibited to perform.

375.    Defendant Stepansky through association with other Defendants was demanding (and receiving) payments for not needed fraudulent services that were performed deceitfully and without knowledge of the Plaintiff.

376.    Because of Stepansky Enterprise activities' affect and impact, the Plaintiff and others similarly situated persons were harmed.

377.    As a direct and proximate result of the Count I Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his property and livelihood.

378.    Plaintiff was defrauded and lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and Defendants' fraud.

379.    For Plaintiff, the loss of irreplaceable anatomical body parts is devastating.

380.    Plaintiffs' injuries were a direct, proximate, and reasonably foreseeable result of Defendants' racketeering activities.

381.    Pursuant to 18 U.S.C. § 1964(c) and (d), Plaintiff is entitled to recover from Defendants threefold the damages he already sustained and would sustain in the future, the costs of the suit and attorneys' fees.

382.    WHEREFORE, Plaintiff Sergei Kovalev requests that this Court enter judgment against Count IV Defendants for actual damages and treble damages, including but not limited to compensatory damages for each of the destroyed and lost body part, where mutilating procedures and destructions were performed without Plaintiff's permission, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, attorneys' fees, prejudgment and post-judgment interest and other such relief as the Court deems appropriate.

**COUNT VI**
**ASSAULT AND BATTERY**
**ABSENCE OF CONSENT FOR DESTRUCTION OF SEVEN HEALTHY TEETH**
**#3, #4, #5, #28, #29, #30, #32**
**Plaintiff vs. Defendant Stepansky, DMD**

383.    Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

384.    As provided in this Complaint, Plaintiff only permitted Defendant Stepansky to perform dental work on the tooth #31 and expressly prohibited any other dental work. At the time when Plaintiff was chemically restrained, disabled and sedated with multiple injections of anesthetics and other drugs, Defendant Irina Stepansky, DMD performed multiple counts of assault and battery by subjecting Plaintiff to not authorized, destructive and mutilating dental procedures performed in tortious manner.

385.    On November 20, 2015, without permission from the Plaintiff, Defendant Irina Stepansky, DMD fraudulently performed intentional mutilations of Plaintiff's multiple body parts, only to collect larger health insurance compensation for not needed and not authorized human body mutilations.

386.    On November 20, 2015, without Plaintiff's permission, without any form of lawful authorization, and without Plaintiff's knowledge, Defendant Stepansky committed

multiple counts of battery when Stepansky intentionally destroyed, and surgically removed at least eleven (11) healthy parts from at least seven (7) healthy teeth of the Plaintiff. After destruction of the original body parts, Stepansky was covering inflicted mutilations with synthetic polymer material.

387.   Not authorized and unlawful battery, destruction of healthy teeth, and human body mutilations can be described as the following acts performed without permission and without knowledge of the Plaintiff on November 20, 2015 by Defendant Stepansky at the time when Stepansky disabled him with several injections containing unknown drugs:

   (a)   Destruction and surgical removal of the buccal surface of the healthy tooth #3;

   (b)   Destruction and surgical removal of the occlusal surface of the healthy tooth #3;

   (c)   Destruction and surgical removal of the lingual surface of the healthy tooth #3;

   (d)   Destruction and surgical removal of the occlusal surface of the healthy tooth #4;

   (e)   Destruction and surgical removal of the occlusal surface of the healthy tooth #5;

   (f)   Destruction and surgical removal of the occlusal surface of the healthy tooth #28;

   (g)   Destruction and surgical removal of the occlusal surface of the healthy tooth #29;

   (h)   Destruction and surgical removal of the distal surface of the healthy tooth #30;

   (i)   Destruction and surgical removal of the occlusal surface of the healthy tooth #30;

   (j)   Destruction and surgical removal of the lingual surface of the healthy tooth #30;

   (k)   Destruction and surgical removal of the occlusal surface of the healthy tooth #32;

   (l)   Dental cleaning that was performed without permission and without knowledge of the Plaintiff at the time when Stepansky disabled him with several injections containing unknown drugs.

389.   Plaintiff also never permitted to inject him approximately three times with some unknown drugs that Defendant Stepansky was using to disable, to sedate, and to restrain him at the time when Stepansky was battering and mutilating Plaintiff.

390.    Plaintiff never had any intentions to perform any dental work on the teeth #3, #4, #5, #28, #29, #30, #32, never agreed and never gave permission to perform any of such procedures. Defendant Stepansky intentionally destroyed at least eleven (11) healthy parts from the listed above teeth that were healthy before Stepansky destroyed it.

391.    By performing procedures that were not permitted, not needed, and never requested, Defendant Irina Stepansky, DMD performed fraudulent and unlawful surgeries on multiple body parts, intentional destruction of multiple body parts, assault and battery expressed in unauthorized, unnecessary, and not permitted by Plaintiff dental work that created permanent life-lasting mutilations to the Plaintiff's body structures.

392.    Defendant performed fraudulent mutilations of Plaintiff only to collect larger insurance compensation. After inflicting intentional battery and mutilations to the Plaintiff, Defendant Irina Stepansky, DMD was collecting payments from the Plaintiff's health insurance program for her harmful mutilating activities that were unlawfully and fraudulently performed.

393.    After Defendant Irina Stepansky, DMD fraudulently exhausted Plaintiff's insurance coverage and performed a theft of health insurance benefits (by performing not authorized and unlawful procedures) and to conceal her fraudulently performed harmful mutilating activities, Stepansky ordered Plaintiff never come back to her office and refused to give copies of his medical files.

394.    Defendant Stepansky's conduct was appalling, outrageous and vicious, and was performed as a result of her desire to collect large compensations from Plaintiff's health insurance provider, only to enrich herself at the expense of the health and well-being of the Plaintiff.

395.    Stepansky's battery inflicted against Plaintiff caused the necessity for future dental treatments that would be extending for the rest of his life, future financial losses, loss

of productive time, permanent loss of body parts, permanent body disfigurement, harm,
including physical, mental, and/or emotional harm, and loss of enjoyment of life for the rest
of the Plaintiff's life.

396.    For the rest of his life, Plaintiff would need continuing restorative, palliative,
surgical and other dental treatments to repair Plaintiff's anatomical parts intentionally
removed, destroyed, and mutilated by Defendant Stepansky.

397.    As a further result of Defendant Stepansky's activities, Plaintiff suffered and will
continue to suffer from pain and suffering, mental trauma, mental and psychological distress,
loss of enjoyment of life, and will be incurring medical and related expenses.

398.    Plaintiff suffered and continues to suffer from activities of Defendant Stepansky
and will have additional dental problems and treatments, as a result of Stepansky's
recklessness, willful, wanton, vicious, inhumane, and outrageous conduct.

399.    As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover
damages against Defendant, including punitive damages.

400.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court
enter judgment in his favor and against Defendant, including but not limited to compensatory
damages in the amount exceeding $50,000 for each of the listed twelve not authorized
mutilating procedures, special damages, compensation for pain and suffering, loss of
enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive
damages sufficient to deter Defendant from any similar activities; and award for costs,
including court costs, prejudgment and post-judgment interest and such other relief as the
Court deems necessary and proper.

## COUNT VII
## CIVIL CLAIM FOR FALSE IMPRISONMENT
### Plaintiff vs. Defendant Stepansky, DMD

401.    Plaintiff restates and incorporates herein by reference all allegations contained in

preceding paragraphs of this Complaint as if fully set forth in their entirety.

402.    On November 20, 2015, Defendant Irina Stepansky, DMD subjected Plaintiff to false imprisonment (18 Pa.C.S. § 2903) and this cause of action is based on civil claim.

403.    On November 20, 2015, Plaintiff only allowed performing the work on the tooth #31; however, Defendant Irina Stepansky, DMD was holding Plaintiff falsely imprisoned, intentionally disabled and chemically restrained in the boundaries of Defendant Stepansky's office for the duration of time exceeding the allowed manipulations on the tooth #31.

404.    Plaintiff never had any intentions to perform any dental work on the teeth #3, #4, #5, #28, #29, #30, #32, never agreed and never gave permission to perform any of such procedures. Defendant Stepansky intentionally destroyed at least eleven (11) healthy parts from at least seven (7) healthy teeth of the Plaintiff, when such teeth were in good condition and never gave any problems to the Plaintiff.

405.    On November 20, 2015, Defendant Irina Stepansky, DMD was holding Plaintiff imprisoned in the boundaries of her office by applying multiple chemical restrains in the form of numerous overdosed anesthesia injections that most likely were including some other additional drugs.

406.    Defendant Stepansky intentionally restricted movements of Plaintiff and confined Plaintiff within boundaries of her office during unlawful dental manipulations performed by Stepansky against Plaintiff's directions.

407.    The actual confinement created by Defendant Stepansky, DMD was in boundaries not of the Plaintiff's choosing because Plaintiff never gave Stepansky permission to perform any additional illegal and injurious activities against Plaintiff.

408.    On November 20, 2015, Defendant Irina Stepansky, DMD together with her assistant John Doe  was battering and mutilating Plaintiff without his permission and against Plaintiff's directions.

409. Defendant Stepansky was well-aware that she was performing multiple injurious dental mutilations without permission of the Plaintiff.

410. Plaintiff was severely harmed, injured and mutilated by Defendant Irina Stepansky, DMD during such illegal confinement.

411. Defendant Irina Stepansky, DMD created a false imprisonment of Plaintiff without Plaintiff's consent and without lawful authority.

412. As a result of Defendant Irina Stepansky, DMD's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

413. WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages in the amount exceeding $50,000; special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive damages sufficient to deter Defendant from any similar activities; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

## COUNT VIII
### CIVIL CLAIM FOR RECKLESS ENDANGERMENT
### Plaintiff vs. Defendant Stepansky, DMD

414. Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

415. The cause of action for reckless endangerment is a civil claim based on elements of the criminal law of this State. 18 Pa.C.S. § 2705 provides that a person commits a reckless endangerment of another person if he/she places another person in danger of death or serious bodily injury.

416. On November 20, 2015, Defendant Irina Stepansky, DMD, without Plaintiff's permission, without knowledge of the Plaintiff, and without any form of authorization, was

subjecting Plaintiff to the most extreme form of human body mutilations in the course of Stepansky's desire for illegal enrichment.

417.    Plaintiff only allowed Defendant Stepansky to perform dental procedures on one tooth #31; however, Plaintiff never allowed any additional procedures that were performed by Defendant Stepansky unlawfully and without Plaintiff's permission, when Defendant Stepansky committed multiple counts of battery against Plaintiff by intentional removal at least eleven (11) healthy portions from at least seven (7) other healthy teeth.

418.    On November 20, 2015, Defendant Irina Stepansky, DMD was injecting Plaintiff multiple times with unknown drugs that were including dental anesthetic and most likely some other drugs, to incapacitate Plaintiff in the boundaries of Stepansky's office and to inflict multiple not permitted and not authorized by Plaintiff intentional mutilations of Plaintiff's anatomical body parts.

419.    If Stepansky would be following instructions of the Plaintiff and will be treating only one tooth, as requested, she would never need more than one injection of the anesthetic. Stepansky was using multiple injections of unknown drugs to disable Plaintiff, to cover up all additional dental mutilations, and to reduce awareness of the Plaintiff.

420.    It is well-established fact that large doses of dental anesthetic can inflict serious injuries and even death to the affected patient. Death is the most important side effect of anesthesia in dentistry, especially with multiple doses of anesthetic:

   (a)  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5535496/
   (b)  https://www.intechopen.com/online-first/complications-associated-with-local-
        anesthesia-in-oral-and-maxillofacial-surgery

421.    Conduct of Defendant Irina Stepansky, DMD is falling into the category of reckless endangerment, as provided by the State law. A person is involved in reckless endangerment when such person places another person in danger of death or serious bodily injury.

422.     By subjecting Plaintiff to multiple injections of dental anesthetic (and possibly some other drugs) only to satisfy Stepansky's desire to cover up not authorized procedures and to collect large insurance payments, Defendant Irina Stepansky, DMD unnecessary placed Plaintiff into the danger of death and serious bodily injury. As a result of Defendant Irina Stepansky, DMD's reckless conduct, Plaintiff suffered from injuries.

423.     As a result of Defendant Irina Stepansky, DMD's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

424.     WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages in the amount exceeding $50,000; special damages, punitive damages sufficient to deter Defendant from any similar activities; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

## COUNT IX
### BREACH OF IMPLIED CONTRACT FOR HEALTH CARE AND BREACH OF EXPRESS CONTRACT FOR LIMITED PROCEDURE
### Plaintiff vs. Defendant Stepansky, DMD

425.     Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

426.     As described in this Complaint, on November 20, 2015, Defendant Stepansky entered into implied contract with the Plaintiff for (reasonable) dental care at the time when she accepted Plaintiff as a patient and initiated contacts with the Plaintiff. Stepansky breached the contract for dental care and caused unlawful battery and destruction of multiple body parts of the Plaintiff.

427.     Furthermore, on November 20, 2015, Plaintiff permitted Defendant Stepansky to perform only treatment for the tooth #31 and expressly prohibited any other dental work.

428.    On November 20, 2015, Defendant Stepansky expressly agreed only to provide the treatment for the tooth #31.

429.    On November 20, 2015, Plaintiff was relying on Stepansky's assurances that she will only provide the treatment for the tooth #31.

430.    On November 20, 2015, Defendant Stepansky breached both, the implied contract for a reasonable dental care and expressed verbal contract to provide only the treatment for the tooth #31.

431.    On November 20, 2015, instead of providing the treatment only for the tooth #31 (only dental work on the tooth #31 was permitted by the Plaintiff), Stepansky incapacitated Plaintiff with multiple injections of unknown drugs; after that, without Plaintiff's permission, Stepansky intentionally and with intent to cause battery and harm, and to unlawfully enrich herself, drilled, cut, and removed, multiple anatomical body parts of the Plaintiff; particularly, at least eleven (11) healthy portions from at least seven (7) other healthy teeth.

432.    While mutilating Plaintiff without his permission, Defendant Stepansky was holding Plaintiff imprisoned in the boundaries of her office by applying chemical restrains in the form of multiple injections of unknown drugs.

433.    By performing procedures that were not permitted, not needed, never requested, were done on healthy teeth, and accompanied with false imprisonment, Defendant Irina Stepansky, DMD breached both, the implied contract for a reasonable dental care and express contract to provide only the treatment for the tooth #31, and in such way caused a harm, battery and permanent body disfigurement for the Plaintiff.

434.    After mutilation of the Plaintiff, Defendant Stepansky was collecting large payments from the health insurance for her unlawfully performed harmful mutilating activities.

435.    Defendant Stepansky was continuing the breach of implied contract for dental

care, when she refused to provide a copy of Plaintiff's dental records; however, federal law obligates health care providers to give any patient a copy of medical/dental file upon the request.

436.   Defendant Stepansky's conduct was appalling, outrageous and vicious, and it was performed as a result of her desire to collect large compensations from Plaintiff's dental insurance and to enrich herself at the expense of health and well-being of the Plaintiff.

437.   Stepansky's breach of contractual provisions and intentional infliction of multiple counts of battery against Plaintiff caused Plaintiff the necessity for future dental treatments that will be extending for the rest of his life, future financial losses, loss of productive time, permanent loss of body parts, permanent body disfigurement, harm, including physical, mental, and/or emotional harm, and loss of enjoyment of life for the rest of Plaintiff's life.

438.   For the rest of his life, Plaintiff will need to continue restorative, palliative, surgical and other dental treatments to repair Plaintiff's anatomical parts intentionally removed, destructed, and mutilated by Defendant Stepansky.

439.   As a further result of Defendant Stepansky's activities, Plaintiff suffered and will continue to suffer from pain and suffering, mental trauma, mental and psychological distress, loss of enjoyment of life, and will be incurring medical and related expenses.

440.   Plaintiff suffered and continues to suffer from activities of Defendant Stepansky and will have additional dental problems and treatments, as a result of illegal and not permitted recklessness, willful, wanton, vicious, inhumane, and outrageous conduct and activities performed by Defendant Stepansky.

441.   As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover damages against Defendant.

442.   WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court

enter judgment in his favor and against Defendant, including but not limited to compensatory damages in the amount exceeding $50,000; special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

**COUNT X**
**BREACH OF FIDUCIARY DUTIES**
**Plaintiff vs. Defendant Stepansky, DMD**

443.    Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

444.    Defendant Stepansky owed fiduciary duties to Plaintiff, where fiduciary duty is the highest standard of care. Not the honesty alone, but the punctilio of honor would be the most sensitive elements of any fiduciary duties.

445.    Defendant's fiduciary duties and obligations arose from the circumstances underlying the relationship between the parties and the nature of the transactions at issue. Plaintiff was placing trust and confidence in Defendant Stepansky, of which Stepansky was aware, and Stepansky breached each and every element of fiduciary duties that she owed to the Plaintiff.

446.    In this matter, Defendant Stepansky breached her fiduciary responsibilities to Plaintiff by defrauding Plaintiff, by failing to provide reasonable dental care for the Plaintiff, by battering and mutilating Plaintiff, by performing procedures that were strictly prohibited by the Plaintiff, by falsely imprisoning Plaintiff. Stepansky fully breached all standards of fiduciary behavior:

    (a)    By accepting Plaintiff as a patient, Stepansky entered into fiduciary relationship with Plaintiff that must be based on the trust and confidence;

    (b)    Defendant Stepansky breach the duty owed to Plaintiff and took advantage of

- 73 -

her position of trust in order to benefit herself; and

(c)   Plaintiff was battered and mutilated as a result of Stepansky's acts and harm

directly and proximately caused by the breach of fiduciary duties.

447.   Plaintiff suffered harm that was directly facilitated through actions of Defendant

Stepansky. As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover

damages against Defendant.

448.   WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court

enter judgment in his favor and against Defendant, including but not limited to compensatory

damages; special damages, compensation for pain and suffering, loss of enjoyment of life,

psychological trauma, emotional distress and mental anguish; and award for costs, including

court costs, prejudgment and post-judgment interest and such other relief as the Court deems

necessary and proper.

**COUNT XI**
**FRAUD AND FRAUDULENT MISREPRESENTATION**
**Plaintiff vs. Defendant Stepansky, DMD**

449.   Plaintiff restates and incorporates herein by reference all allegations contained in

preceding paragraphs of this Complaint as if fully set forth in their entirety.

450.   On November 20, 2015, Defendant Irina Stepansky, DMD performed activities

that can be classified as fraud against Plaintiff and fraudulent misrepresentation.

451.   On November 20, 2015, Defendant Irina Stepansky made fraudulent

misrepresentation with knowledge of its falsity or recklessness as to whether it true or false

and with the intent of misleading Plaintiff into relying on it:

(a)   Stepansky falsely made representations and assurances that she only will be

providing a treatment for the tooth #31;

(b)   Stepansky was fully aware of such statement's falsity;

(c)   Stepansky's false statement was material to this matter and Plaintiff only agreed

to receive from Stepansky a treatment for the tooth #31;

(d)    Stepansky was fully aware that her representation (that she will be only providing a treatment for the tooth #31) was false and made by her in full ignorance of the truth;

(e)    Stepansky fraudulently induced Plaintiff to act in accordance with Stepansky's false representation and to accept her false claims as true (that she will be only providing a treatment for the tooth #31);

(f)    Plaintiff had no knowledge that Stepansky was defrauding him and Plaintiff was relying on Stepansky's false statements that she will be only providing the treatment for the tooth #31;

(g)    Plaintiff relied and accepted as a truth Stepansky's falsity in representation (that she will be only providing the treatment for the tooth #31). In absent such false representation made by Stepansky, Plaintiff would not, in all reasonable probability, be entering into the contract of accepting any form of treatment from Stepansky.

(h)    Plaintiff had a right to rely on Stepansky's representation because he was not aware that Stepansky's representation was false;

(i)    As a result of Stepansky's fraud and fraudulent misrepresentation, Plaintiff suffered from the loss of body parts and was subjected to multiple mutilations, and will continue to suffer from unlawful acts of Defendant Stepansky.

452.    On November 20, 2015, Plaintiff permitted Defendant Stepansky to perform only treatment for the tooth #31 and expressly prohibited any other dental work.

453.    On November 20, 2015, instead of providing treatment only for the tooth #31 (only dental work on the tooth #31 was permitted by Plaintiff), Stepansky incapacitated Plaintiff with multiple injections of unknown drugs; after that, Stepansky intentionally, deliberately, willfully, with intent to cause battery and harm, and to enrich herself through

Plaintiff's health insurance, drilled, cut out, and surgically removed without Plaintiff's permission multiple anatomical parts that were the property of the Plaintiff; particularly, at least eleven (11) healthy portions from at least seven (7) healthy teeth.

454.    While mutilating Plaintiff without his permission, Defendant Stepansky was holding Plaintiff imprisoned in the boundaries of her office by applying chemical restrains in the form of multiple injections of unknown drugs.

455.    By performing procedures that were not permitted, not needed, never requested, were done on healthy teeth, and accompanied with false imprisonment, infliction of permanent mutilations to Plaintiff's body structures, Defendant Irina Stepansky, DMD defrauded Plaintiff and breached implied and express contracts for dental care.

456.    After infliction of mutilations to the Plaintiff, Defendant Stepansky was collecting payments from Plaintiff's health insurance for her injurious and harmful mutilating activities.

457.    Defendant Stepansky's conduct was appalling and outrageous, and was performed as a result of her desire to collect larger compensations from the Plaintiff's dental insurance provider and to enrich herself at the expense of health and well-being of the Plaintiff.

458.    Stepansky's battery inflicted against Plaintiff caused Plaintiff the necessity for future dental treatments that most likely will be extending for the rest of his life, future financial losses, loss of productive time, permanent loss of body parts, permanent body disfigurement, harm, including physical, mental, and/or emotional harm, and loss of enjoyment of life for the rest of Plaintiff's life.

459.    For the rest of his life, Plaintiff will need continuing restorative, palliative, surgical and other dental treatments to repair Plaintiff's anatomical parts intentionally removed, destructed, mutilated and injured by Defendant Stepansky.

460.    As a further result of Defendant Stepansky's activities, Plaintiff suffered and will continue to suffer from pain and suffering, mental trauma, mental and psychological distress, loss of enjoyment of life, and will be incurring medical and related expenses.

461.    As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

462.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages in the amount exceeding $50,000; special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive damages sufficient to deter Defendant from any similar activities; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

**COUNT XII**
**NEGLIGENCE PER SE**
**Plaintiff vs. Defendant Stepansky, DMD**

463.    Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

464.    On November 20, 2015, Defendant Irina Stepansky, DMD owed a legal duty of care to the Plaintiff under the circumstances.

465.    On November 20, 2015, Defendant Irina Stepansky, DMD breached his legal duty to act in a reasonable way.

466.    Defendant Stepansky failed to uphold the established duty of care for the situation and Defendant failed to act in a reasonable way to avoid reckless behavior that could be reasonably expected to cause battery to the Plaintiff.

467.    Defendant Stepansky's inflicted multiple counts of battery against the Plaintiff.

468.    Defendant Stepansky's the November 20, 2015 actions caused harm to the

Plaintiff.

469.    The State of Pennsylvania recognizes that a violation of a statute or ordinance represents negligence per se.

470.    This State enacted statutes and regulations implemented against battery, insurance fraud, fraudulent transactions, fraudulent misrepresentations, and false imprisonment that at least in part, are designed to protect the interest of a group of individuals.

471.    The statutes implemented against battery, insurance fraud, fraudulent transactions, fraudulent misrepresentations, and false imprisonment are clearly applicable to the conduct of Defendant Stepansky, who violated at least one (or more) statute or regulation.

472.    On November 20, 2015, Defendant Irina Stepansky, DMD was negligent *per se* and violated at least one or more applicable statutes or provisions of law.

473.    Conduct of Defendant Irina Stepansky, DMD is falling into the category of reckless endangerment, as provided by the State law. A person involved in Reckless Endangerment (18 Pa.C.S. § 2705) when a person places or may place another person in danger of death or serious bodily injury.

474.    On November 20, 2015, Defendant Irina Stepansky, DMD was specifically negligent *per se* by recklessly endangering (18 Pa.C.S. § 2705) the life and the health of the Plaintiff by Stepansky's own direct violent acts of brutal destruction of Plaintiff's anatomical body parts and by mutilations inflicted to Plaintiff without his permission; including multiple not permitted and not authorized unlawful surgical procedures.

475.    On November 20, 2015, Defendant Irina Stepansky, DMD was specifically negligent *per se* by recklessly endangering (18 Pa.C.S. § 2705) the life and the health of the Plaintiff by Stepansky's own direct negligent acts involving multiple injections of drugs, only to cover-up Stepansky' unlawful activities and to make Plaintiff unaware of the extent of not

authorized mutilations inflicted to him by Stepansky. Such excessive injections of drugs and excessive anesthesia were dangerous to the life and the health of the Plaintiff.

476.    On November 20, 2015, Defendant Irina Stepansky, DMD was specifically negligent *per se* by violating State statutes prohibiting *assault and battery* against the patient (18 Pa.C.S. § 2701 et seq.). Defendant was personally inflicting multiple acts of battery against Plaintiff by implementing violent acts of brutal destruction of Plaintiff's anatomical body parts and by mutilating Plaintiff's body structures without his permission; including multiple not permitted and not authorized unlawful invasive surgical procedures. Defendant was financially benefiting, or attempted to benefit financially from the battery inflicted against Plaintiff. The law of the State of Pennsylvania prohibits battery against person.

477.    On November 20, 2015, Defendant Irina Stepansky, DMD was violating State statutes prohibiting *false imprisonment* (18 Pa.C.S. § 2903). False imprisonment, as it was inflicted against Plaintiff, is applicable to the conduct of Defendant Stepansky and false imprisonment is strictly prohibited by provisions of this State law.

478.    On November 20, 2015, Defendant Irina Stepansky, DMD was specifically negligent *per se* by falsely imprisoning Plaintiff in the boundaries of Stepansky's office when after disabling Plaintiff with multiple anesthesia injections, Defendant Stepansky was intentionally mutilating and removing Plaintiff's anatomical body parts without Plaintiff's permission. Defendant Stepansky subjected Plaintiff to false imprisonment (18 Pa.C.S. § 2903).

479.    Defendant Irina Stepansky, DMD was violating the State statutes prohibiting *insurance fraud* (18 Pa.C.S. § 4117). Defendant was participating in health insurance fraud and Defendant was financially benefiting, or attempted to benefit financially from fraudulent activities of human body mutilations inflicted by Stepansky upon Plaintiff. The law of the State of Pennsylvania prohibits insurance fraud and any other fraudulent activities.

480.    Health insurance fraud is applicable to the conduct of Defendant Irina Stepansky, DMD; and insurance fraud is strictly prohibited by provisions of this State law.

481.    Defendant Irina Stepansky, DMD was violating the State statutes prohibiting *deceptive or fraudulent business practices* (18 Pa.C.S. § 4107(5)(6)) when Defendant Stepansky made knowingly and recklessly deceptive false and misleading statements and induced Plaintiff to rely on a false and misleading statements that Stepansky made to the Plaintiff for the purpose of obtaining financial compensation from the Plaintiff's health insurance provider for not permitted by the Plaintiff human body mutilations inflicted by Stepansky. The law of the State of Pennsylvania prohibits deceptive or fraudulent business practices and any other fraudulent activities.

482.    Defendant Stepansky also violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) that is prohibiting dishonest conduct in dealing with customers and clients.

483.    Defendant Stepansky even refused on December 11, 2015 to give Plaintiff a copy of his dental records that Defendant Stepansky was obligated to give Plaintiff according to the provisions of the federal law (See HIPAA Act).

484.    Defendant Stepansky's violations of the statutes and/or regulations were direct and proximate cause of the harm and torts inflicted against Plaintiff.

485.    All regulations and laws listed above were enacted for safety reasons that are applicable to Plaintiff, and Plaintiff belongs to the class that was intended to be protected by the regulations and laws.

486.    Defendant's violation of the statutes and/or regulations was direct and/or proximate cause of multiple counts of battery and harm inflicted against Plaintiff.

487.    As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

488.     WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court

enter judgment in his favor and against Defendant, including but not limited to compensatory

damages, special damages, compensation for pain and suffering, loss of enjoyment of life,

psychological trauma, emotional distress and mental anguish, punitive damages sufficient to

deter Defendant from any similar activities; and award for costs, including court costs,

prejudgment and post-judgment interest and such other relief as the Court deems necessary

and proper.

**COUNT XIII**
**ORDINARY NEGLIGENCE**
**Plaintiff vs. Defendant Stepansky, DMD**

489.     Plaintiff restates and incorporates herein by reference all allegations contained in

preceding paragraphs of this Complaint as if fully set forth in their entirety.

490.     As described in this Complaint, Defendant Irina Stepansky, DMD performed the

acts that are classified as an ordinary negligence.

491.     There was an existence of a duty, Stepansky breached that duty; and breach of

duty caused the harm and actual loss or damage.

492.     As described in this Complaint, Defendant Irina Stepansky, DMD performed

against Plaintiff acts of fraud, false imprisonment, assault and battery, intentional infliction of

permanent injuries, intentional destruction of Plaintiff's anatomical body parts, human body

mutilations, endangerment, infliction of pain and suffering, and deliberate violence, only to

receive additional payments from Plaintiff's health insurance provider.

493.     Defendant Irina Stepansky, DMD owed a legal duty of care to the Plaintiff under

the circumstances.

494.     Defendant Irina Stepansky, DMD breached her legal duty to act in a reasonable

way.

495.     Defendant Irina Stepansky, DMD failed to uphold the established duty of care

for the situation and Defendant failed to act in reasonable way to avoid reckless behavior that could be reasonably expected to cause injuries to Plaintiff.

496.    As direct and proximate cause of Defendant Irina Stepansky, DMD's negligent conduct, Plaintiff suffered from battery, human body mutilations, permanent loss of body parts, pain and suffering.

497.    Defendant Irina Stepansky's actions caused the harm to the Plaintiff.

498.    By virtue of Defendant Irina Stepansky, DMD's ordinary negligence, Defendant is liable to Plaintiff for all damages allowed under the law, including punitive damages.

499.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive damages sufficient to deter Defendant from any similar activities; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

## COUNT XIV
## UNJUST ENRICHMENT
### Plaintiff vs. Defendant Stepansky, DMD

500.    Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

501.    In the circumstances surrounding this case, Defendant Stepansky was personally inflicting multiple acts of battery against Plaintiff by implementing violent acts of brutal destruction of Plaintiff's anatomical body parts, without his permission.

502.    Defendant Stepansky was financially benefiting from the multiple acts of battery inflicted against the Plaintiff.

503.    Defendant Stepansky was receiving financial benefits conferred on Stepansky by

the Plaintiff. Stepansky submitted to Plaintiff's insurance provider bills for Stepansky's unlawful activities involving not authorized Plaintiff's body mutilations and Stepansky received financial compensation for her acts of violence, abuse, fraud and human body mutilations.

504.    Stepansky appreciated such financial benefits that were conferred on Defendant Stepansky by the Plaintiff, when Plaintiff's health insurance paid Stepansky for tortious activities she intentionally staged against the Plaintiff.

505.    Stepansky accepted financial benefits conferred on Stepansky by the Plaintiff.

506.    Stepansky retained such benefits and enjoyed the compensation for human body mutilations inflicted by Stepansky upon the Plaintiff. Stepansky used such financial benefits.

507.    Stepansky collected, retained enjoyed and used financial benefits that she received for human body mutilations inflicted by Stepansky upon the Plaintiff. However, such benefits under the circumstances would be inequitable for Defendant Stepansky to retain without payment to the Plaintiff the real value for all lost by the Plaintiff body parts and human body mutilations inflicted by Stepansky upon the Plaintiff.

508.    While enjoying the benefits derived from the payments collected from the Plaintiff's health insurance provider, Stepansky never compensated Plaintiff for all stolen and destroyed human body parts and mutilations inflicted by Stepansky to the Plaintiff.

509.    To compensate Plaintiff for all stolen, destroyed, and mutilated body parts, Stepansky must place Plaintiff into exactly the same position as he was before Stepansky stole, destroyed and mutilated Plaintiff's body parts. Stepansky cannot do it because she already unlawfully destroyed Plaintiff's body parts.

510.    At the time when Defendant Irina Stepansky, DMD was enjoying the benefits derived from the payments collected from the Plaintiff's health insurance provider, Plaintiff got nothing in return but only the loss of his most important body parts.

511.    Stepansky's motivation was pure greed. To unjustly enrich herself and to satisfy Stepansky's unscrupulous greed for the money, Stepansky devised and implemented trickery to defraud Plaintiff and to collect financial compensation for Stepansky's great number of immoral, criminal and unlawful activities that were outrageous and vicious in nature.

512.    Stepansky unjustly enrichment herself at the expense of Plaintiff's anatomical integrity that was permanently lost after Stepansky intentionally mutilated Plaintiff.

513.    On November 20, 2015, without Plaintiff's permission, without any form of lawful authorization, and without Plaintiff's knowledge, Defendant Stepansky committed multiple counts of battery when Stepansky intentionally, deliberately, willfully, viciously, and with intent to unlawfully enrich herself, intentionally and unlawfully destroyed, and surgically removed at least eleven (11) healthy parts from at least seven (7) healthy teeth of the Plaintiff.

514.    Defendant Stepansky never stopped only with the theft and destruction of Plaintiff's body parts. While battering and mutilating Plaintiff without his permission, Defendant Stepansky, DMD was holding Plaintiff imprisoned in the boundaries of her office by applying multiple chemical restrains in the form of multiple injections of overdosed anesthesia, including some unknown drugs.

515.    After inflicting intentional battery and mutilations to the Plaintiff, Defendant Irina Stepansky, DMD was collecting payments from the Plaintiff's health insurance for her harmful mutilating activities that were unlawfully and fraudulently performed.

516.    Defendant performed fraudulent mutilations of Plaintiff only to collect larger financial compensations from the Plaintiff's insurance and Defendant Stepansky's conduct was appalling, outrageous and vicious.

517.    Stepansky's unlawful conduct and battery inflicted against Plaintiff caused him the necessity for future dental treatments that will be extending for the rest of his life, future

financial losses, loss of productive time, permanent loss of body parts, permanent body disfigurement, harm, including physical, mental, and/or emotional harm, pain and suffering, mental trauma, mental and psychological distress, loss of enjoyment of life for the rest of the Plaintiff's life, and will be incurring medical and related expenses.

518.    For the rest of his life, Plaintiff will need continuing restorative, palliative, surgical and other dental treatments because of Stepansky's fraud.

519.    Defendant Stepansky has no ability to return all stolen and destroyed body parts of the Plaintiff. The only feasible solution would be the financial compensation for all body parts that Stepansky unlawfully stole from the Plaintiff and intentionally destroyed. Only the jury in open trial can place the actual value on all Plaintiff's body parts that Stepansky unlawfully stole, destroyed, and removed from the Plaintiff.

520.    Plaintiff should be placed into the same condition as he was before Stepansky intentionally mutilated him. As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

521.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages for each of the destroyed body part where such mutilating procedures and destructions were performed without Plaintiff's permission, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive damages sufficient to deter Defendant from any similar activities; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

## COUNT XV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff vs. Defendant Stepansky, DMD

522.    Plaintiff restates and incorporates herein by reference all allegations contained in

preceding paragraphs of this Complaint as if fully set forth in their entirety.

523.    As described in this Complaint, Defendant Stepansky was involved in tortuous, fraudulent, misleading, outrageous, willful and reckless conduct in regards to Plaintiff's health care.

524.    On November 20, 2015, in addition to the permitted work on the tooth #31 and while Plaintiff was disabled with numerous injections of unknown drugs, Stepansky performed multiple mutilations of many additional healthy teeth without Plaintiff's permission, without any form of lawful authorization, and without Plaintiff's knowledge.

525.    Defendant Irina Stepansky, DMD performed multiple counts of assault and battery by subjecting Plaintiff to not authorized, destructive and mutilating dental procedures performed in tortious manner. Stepansky intentionally and unlawfully destroyed, and surgically removed at least eleven (11) healthy parts from at least seven (7) Plaintiff's healthy teeth, only to enrich herself.

526.    After the destruction of the original healthy body parts, Stepansky was covering inflicted mutilations with synthetic polymer material that was not even properly positioned, nor properly adjusted, because Stepansky performed tremendous amount of damage and permanent destruction of healthy teeth structures within very short period of time (in approximately one hour).

527.    Not authorized and unlawful battery, destruction of healthy teeth, and human body mutilations can be described as the following acts performed on November 20, 2015 by Defendant Stepansky without permission and without knowledge of the Plaintiff at the time when Stepansky disabled him with several injections containing unknown drugs:

   (a)   Destruction and surgical removal of the buccal surface of the healthy tooth #3;

   (b)   Destruction and surgical removal of the occlusal surface of the healthy tooth #3;

   (c)   Destruction and surgical removal of the lingual surface of the healthy tooth #3;

(d)  Destruction and surgical removal of the occlusal surface of the healthy tooth #4;

(e)  Destruction and surgical removal of the occlusal surface of the healthy tooth #5;

(f)  Destruction and surgical removal of the occlusal surface of the healthy tooth #28;

(g)  Destruction and surgical removal of the occlusal surface of the healthy tooth #29;

(h)  Destruction and surgical removal of the distal surface of the healthy tooth #30;

(i)  Destruction and surgical removal of the occlusal surface of the healthy tooth #30;

(j)  Destruction and surgical removal of the lingual surface of the healthy tooth #30;

(k)  Destruction and surgical removal of the occlusal surface of the healthy tooth #32;

528.    By performing procedures that were not permitted by Mr. Kovalev, unauthorized, unnecessary, and never requested, Defendant Irina Stepansky, DMD intentionally performed fraudulent and unlawful surgeries on multiple body parts and intentional destruction of multiple body parts.

529.    Such unlawful and mutilating dental work created infliction of permanent life-lasting loss of Plaintiff's body structures.

530.    Plaintiff never had any intentions to perform any dental work on the teeth #3, #4, #5, #28, #29, #30, #32, never agreed and never gave permission to perform any of such procedures. Defendant Stepansky intentionally destroyed at least eleven (11) healthy parts from at least seven (7) healthy teeth of the Plaintiff, when such teeth were in good condition and never gave any problems to the Plaintiff.

531.    Defendant Stepansky had a contractual and fiduciary duty toward the Plaintiff.

532.    Defendant Stepansky owed a duty of care to the Plaintiff. Stepansky breached that duty and such breach resulted in injury to the Plaintiff.

533.    Plaintiff suffered physical harm from the hands of Defendant Stepansky.

534.    Plaintiff suffered a physical impact and Plaintiff was in danger and at risk of an immediate physical injury.

535.   Plaintiff suffered an actual loss and damage.

536.   Despite the fact that on November 20, 2015 Plaintiff was not aware of the full extent of mutilations inflicted by Stepansky, he did learn all the facts approximately within two weeks, when he contacted his health insurance provider and obtained the details of insurance billing submitted by Stepansky to Plaintiff's health insurance provider.

537.   After the contacts with the health insurance provider, Mr. Kovalev examined each tooth listed on Defendant Stepansky's requests for payments submitted to the insurance provider (Exhibit 3) and he discovered that Defendant Stepansky performed multiple counts of intentional battery, mutilations and permanent destruction of his anatomical structures, all without permission or authorization from Mr. Kovalev. Stepansky surgically removed multiple parts on numerous healthy teeth only to collect from the insurance provider payments for services that Mr. Kovalev never needed, never requested, and that were harmful to the health of Mr. Kovalev.

538.   At the time when Plaintiff learned the full extent of mutilations inflicted by Stepansky on November 20, 2015, he suffered from shock and psychological trauma.

539.   Defendant Stepansky's acts of fraud and cruel battery were outrageous, wanton, intentional, and reckless, and it caused Plaintiff Sergei Kovalev to suffer psychological trauma, mental anguish, nervous shock, shame, humiliation, and embarrassment.

540.   To the present time, Plaintiff suffers from severe emotional distress and related physical trauma, including pain and discomfort in the areas mutilated by Defendant Stepansky, headaches, periods of hyperventilation, shortness of breath, frequent and recurring nightmares, stress and anxiety, mental and emotional anguish and distress, upset stomach, and intense painful tightening and pain in the face on the side of mutilating injuries inflicted by Stepansky, pain and discomfort in the face, head, neck, and in other parts of his body.

541.   Defendant Stepansky inflicted emotional distress and psychological trauma to the Plaintiff.

542.   As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

543.   WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive damages; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

## COUNT XVI
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL), 73 P.S. § 201-1, et seq.
### Plaintiff vs. Defendant Stepansky, DMD

544.   Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

545.   The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits deceptive or fraudulent acts and this legal action is coming within the protection of the statute, as provided by UTPCPL. Events described in this Complaint are within the purview of the UTPCPL.

546.   This cause of action represents private action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Act of December 17, 1968, No. 387, as amended 1976, Nov. 24, P.L. 1166, No. 260, § 1, 73 P.S. § 201-1, et seq.

547.   The Pennsylvania Unfair Trade Practices and Consumer Protection Law prohibits "unfair or deceptive acts or practices" including any one or more of the following:

"Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services";

"Using deceptive representations … in connection with goods or services";

"Representing that goods or services have … characteristics, … uses, benefits … that they do not have…";

"Representing that goods or services are of a particular standard … if they are of another";

"Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed".

73 P.S. § 201-2(4).

548.    The UTPCPL applies to this legal matter.

549.    The Pennsylvania unfair trade practices and consumer protection law (UTPCPL) was implemented to protect consumers, like Plaintiff, obtaining services and this law was implemented to prevent deceptive or unfair practices that are unfairly affecting customers in this State.

550.    The law allows for anyone to bring suit when person is a victim of unjust practices.

551.    Defendant Irina Stepansky, DMD at all times herein mentioned was a dentist practicing dentistry under the trade and business name "Dentist Irina Stepansky, DMD", also known as "Irina Stepansky Family Dentistry", with principal place of business at 11911 Bustleton Avenue, Philadelphia, PA 19116, including some other locations.

552.    This legal matter is originated from and is based on activities of Defendant Irina Stepansky, DMD, who with participation of other associates and co-conspirators, subjected Plaintiff Sergei Kovalev, among many other things, to assault and battery, intentional human body mutilations, physical disfigurements, intentional destruction of Plaintiff's anatomical body parts, false imprisonment, fraud and fraudulent misrepresentation, and other unlawful acts and activities that were illegal according to the laws of the United States and the laws of the State of Pennsylvania.

553.    Defendant Stepansky tricked Sergei Kovalev to come to her dental office under

expectation of receiving a simple dental procedure limited only to one tooth.

554.    During what should be a simple dental office visit, Sergei Kovalev was severely assaulted and battered by Stepansky and by her assistant, when Defendant Stepansky falsely imprisoned Mr. Kovalev by using chemical restrains.

555.    Sergei Kovalev was injured in his property and livelihood as a result of fraud and fraudulent activities devised and performed by Stepansky, with participation of her associates and co-conspirators.

556.    Mr. Kovalev was a customer of Defendant Stepansky and Stepansky was offering her and her business' services.

557.    However, Stepansky's offer of services was fraudulent, when after promising that she would only provide a treatment for one tooth #31, as Plaintiff was requesting, Stepansky viciously defrauded him and inflicted unimaginable harm to unsuspected Plaintiff, who was a patient of Stepansky and relied on Stepansky's false assurances and representations.

558.    The UTPCPL contains a list of offenses that are deemed to be unfair methods and practices. By defrauding and harming unsuspected Plaintiff, Stepansky violated numerous provisions of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and specifically, Stepansky was involved in:

  (a)    Making false advertising;

  (b)    Implementing bait-and-switch practices by representing the product or service at a particular standard when it does not meet this standard;

  (c)    Advertising without the intent of providing the advertised product or service;

  (d)    Performing deceptive and fraudulent acts confusing consumer;

  (e)    Engaging in fraudulent and deceptive conduct which creates a likelihood of confusion and misunderstanding.

559.    Stepansky violated the UTPCPL provisions by, among other things:

(a)    On November 20, 2015, Defendant Irina Stepansky, DMD was falsely assuring Mr. Kovalev that she will be doing dental work only on the tooth #31, implying that no other dental work will be performed; however, Stepansky had no intention to limit her work only on the tooth #31.

(b)    On November 20, 2015, Defendant Stepansky never told Mr. Kovalev that she was performing not authorized, not permitted, not needed and harmful additional dental work that was performed by Stepansky against clear instructions made by Mr. Kovalev.

(c)    On November 20, 2015, Mr. Kovalev had no knowledge and was not aware that in addition to the (permitted) work on the tooth #31, Stepansky subjected Mr. Kovalev to unlawful removal of multiple parts from at least seven (7) additional healthy teeth, where Defendant Stepansky removed without Mr. Kovalev's knowledge or permission at least eleven (11) healthy teeth portions (in addition to the work on the tooth #31).

(d)    On November 20, 2015, Defendant Stepansky performed without Mr. Kovalev's permission intentional and unlawful destruction and surgical removal of eleven (11) healthy dental surfaces from seven (7) additional teeth that included the Tooth #3, Tooth #4, Tooth #5, Tooth #28, Tooth #29, Tooth #30, Tooth #32. All listed teeth were in good and healthy condition before Stepansky destroyed these teeth.

(e)    Defendant Irina Stepansky, DMD, conspired with other persons, including Defendant John Doe, to defraud and to unlawfully remove and destroy multiple anatomical body parts that were a personal property of the Plaintiff.

(f)     Defendant Irina Stepansky, DMD was unlawfully removing and destroying personal property of the Plaintiff (his anatomical parts) only to collect significant financial compensation from the Plaintiff's health insurance for the tortious work of intentional destruction of the healthy teeth when Plaintiff never permitted it.

(g)     When Plaintiff came back to Stepansky's office on November 25, 2015 and asked at least to adjust the protruding parts of the polymer material that Stepansky used to cover areas mutilated by her fraudulently performed work, she refused to do anything and demanded from Plaintiff to pay for additional dental services that he never needed. When Plaintiff refused to pay for any additional not needed work, Stepansky, without adjusting anything, chased him out of her office and instructed not to come back.

(h)     To cover-up fraudulent mutilation work performed by Stepansky, she refused to give Mr. Kovalev copies of his dental records that she was obligated to give him according to provisions of federal law (HIPAA Act). Instead of providing copies of requested medical files, Stepansky instructed Mr. Kovalev never call her again.

560.     As a result of the misrepresentations and deceptive conduct of Defendant Stepansky, DMD, Mr. Kovalev suffered ascertainable losses, because Stepansky subjected Mr. Kovalev to unlawful removal of multiple parts from at least seven (7) healthy teeth, where Defendant Stepansky removed without Mr. Kovalev's knowledge or permission at least eleven (11) parts on multiple healthy teeth.

561.     Stepansky devised and implemented trickery to defraud Plaintiff and to collect financial compensation through Plaintiff's health insurance for Stepansky's great number of immoral, criminal and unlawful activities that were outrageous and vicious in nature.

562.     To the present time, Plaintiff suffers from severe emotional distress and related physical trauma, including pain and discomfort in the areas mutilated by Defendant

Stepansky, headaches, periods of hyperventilation, shortness of breath, frequent and recurring nightmares, stress and anxiety, mental and emotional anguish and distress, upset stomach, and intense painful tightening and pain in the face on the side of mutilating injuries inflicted by Stepansky, pain and discomfort in the face, head, neck, and in other parts of his body.

563.    While enjoying the benefits derived from the payments collected from the Plaintiff's health insurance provider, Stepansky never compensated Plaintiff for stolen and destroyed human body parts and mutilations inflicted by Stepansky to the Plaintiff.

564.    Stepansky's recklessness and outrageous conduct and battery inflicted against Plaintiff caused him the necessity for future dental treatments that will be extending for the rest of his life, future financial losses, loss of productive time, permanent loss of body parts, permanent body disfigurement, harm, including physical, mental, and/or emotional harm, pain and suffering, mental trauma, mental and psychological distress, loss of enjoyment of life for the rest of the Plaintiff's life, and will be incurring medical and related expenses.

565.    Stepansky must place Plaintiff into exactly the same position as he was before Stepansky stole, destroyed and mutilated Plaintiff's healthy body parts.

566.    Defendant Stepansky has no ability to just return all stolen and destroyed body parts of the Plaintiff. However, Plaintiff should be placed into the same condition as he was before Stepansky intentionally mutilated him.

567.    The only feasible solution would be the financial compensation for all body parts that Stepansky unlawfully stole from the Plaintiff and intentionally destroyed. Only the jury in open trial can place the actual value on all Plaintiff's body parts that Stepansky stole, destroyed, and removed from the Plaintiff.

568.    The UTPCPL provides for trebled damages and reasonable attorneys fees.

569.    As a result of Defendant Stepansky's conduct, Plaintiff is entitled to recover trebled damages and reasonable attorneys fees assessed against Defendant, including punitive

damages.

570.    WHEREFORE, Plaintiff Sergei Kovalev demands judgment in his favor against

Defendant, and trebled damages including but not limited to compensatory damages for each

of the destroyed body part, where mutilating procedures and destructions were performed

without Plaintiff's permission, special damages, compensation for pain and suffering, loss of

enjoyment of life, psychological trauma, emotional distress and mental anguish; and award

for costs, including court costs, reasonable attorneys' fees, prejudgment and post-judgment

interest and other such relief as the Court deems appropriate.

**COUNT XVII**
**ASSAULT AND BATTERY**
**ABSENCE OF CONSENT FOR DESTRUCTION OF**
**SEVEN HEALTHY TEETH #3, #4, #5, #28, #29, #30, #32**
**Plaintiff vs. Defendant John Doe I**

571.    Plaintiff restates and incorporates herein by reference all allegations contained in

preceding paragraphs of this Complaint as if fully set forth in their entirety.

572.    On November 20, 2015, Defendant John Doe was willing and active participant

in all tortious activities of Defendant Stepansky.

573.    Defendant John Doe never refused to participate in illegal acts of Defendant Irina

Stepansky, DMD; however, Defendant John Doe represented himself as a person with

medical/dental training and it was his legal obligation not to participate in illegal activities

and to warn Plaintiff about illegal activities of Defendant Stepansky.

574.    Defendant John Doe was perfectly aware that Plaintiff only gave his permission

to perform dental work on one tooth #31 and Plaintiff never gave any permission to do any

additional work, especially because no additional work was ever needed or requested.

575.    On November 20, 2015, Defendant John Doe was willingly assisting Defendant

Stepansky by observing the entire procedure, by holding instruments, by conversing with

Defendant Stepansky about Stepansky's tortious activities, and from time-to-time Defendant

Stepansky was even addressing some questions to Defendant John Doe, who was willing and active participant, as described in this Complaint.

576.    Defendant John Doe was co-conspirator of Defendant Stepansky and was a willing participant in Defendant Irina Stepansky's activities that were invented to inflict intentional battery to Plaintiff and to defraud the Plaintiff and his insurance provider.

577.    By participation and providing assistance during procedures that were not permitted, not needed, never requested, and were done on healthy Plaintiff's teeth, Defendant John Doe performed acts of battery against Plaintiff.

578.    Defendant John Doe's conduct was appalling and outrageous, and was performed as a result of involvement in the conspiracy to injure and to defraud Plaintiff and his insurance provider.

579.    As a result of John Doe's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

580.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages in the amount exceeding $50,000 for each of the listed twelve mutilated anatomical areas and not authorized by Plaintiff procedures, punitive damages, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

## COUNT XVIII
## BREACH OF FIDUCIARY DUTIES
### Plaintiff vs. Defendant John Doe 1

581.    Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

582.    As a provider of dental services, Defendant John Doe owed fiduciary duties to Plaintiff, where fiduciary duty is the highest standard of care.

583.    Defendant's fiduciary duties and obligations arose from the circumstances underlying the relationship between the parties and the nature of the transactions at issue.

584.    Plaintiff was placing trust and confidence in Defendant, of which Defendant was aware, and Defendant John Doe breached each and every element of fiduciary duties that he owed to the Plaintiff.

585.    On November 20, 2015, Defendant John Doe was willing and active participant in all tortious activities of Defendant Stepansky.

586.    Defendant John Doe never refused to participate in unlawful acts of Defendant Irina Stepansky, DMD; however, Defendant John Doe represented himself as a person with medical/dental training and it was his legal obligation not to participate in illegal activities and to warn Plaintiff about illegal activities of Defendant Stepansky.

587.    Defendant John Doe was perfectly aware that Plaintiff only gave his permission to perform dental work on one tooth #31.

588.    On November 20, 2015, Defendant John Doe was willingly assisting Defendant Stepansky by observing the entire procedure, by holding instruments, by conversing with Defendant Stepansky about Stepansky's tortious activities, and from time-to-time Defendant Stepansky was even addressing some questions to Defendant John Doe.

589.    In this matter, Defendant Doe breached his fiduciary responsibilities to Plaintiff by his actively participation in Defendant Stepansky's unlawful and tortious activities and failure to protect Plaintiff against harm inflicted by Defendant Stepansky.

590.    Plaintiff suffered harm that was directly facilitated through actions of the Defendant.

591.    As a result of Defendant's conduct, Plaintiff is entitled to recover damages

against Defendant.

592.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court enter judgment in his favor and against Defendant, including but not limited to compensatory damages, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

**COUNT XIX**
**ORDINARY NEGLIGENCE**
**Plaintiff vs. Defendant John Doe I**

593.    Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

594.    As described in this Complaint, Defendant John Doe performed acts that can be classified as negligent (ordinary negligence).

595.    Defendant John Doe was perfectly aware that Plaintiff only gave his permission to perform dental work on one tooth #31.

596.    On November 20, 2015, Defendant John Doe was an active participant willingly assisting Defendant Stepansky in all Stepansky's tortious activities inflicting severe harm to the Plaintiff.

597.    Defendant John Doe never refused to participate in unlawful acts of Defendant Irina Stepansky, DMD; however, Defendant John Doe represented himself as a person with medical/dental training and it was his legal obligation not to participate in illegal activities and to warn Plaintiff about illegal activities of Defendant Stepansky.

598.    Defendant John Doe owed a legal duty of care to the Plaintiff under the circumstances.

599.    Defendant John Doe breached his legal duty to act in a reasonable way.

600.     Defendant failed to uphold the established duty of care for the situation and

Defendant failed to act in reasonable way to avoid reckless behavior that could be reasonably

expected to cause injuries to Plaintiff.

601.     Defendant's actions caused Plaintiff's harm and damages.

602.     As a result of Defendant John Doe's conduct, Plaintiff is entitled to recover

damages against Defendant, including punitive damages.

603.     WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court

enter judgment in his favor and against Defendant, including but not limited to compensatory

damages; special damages, compensation for pain and suffering, loss of enjoyment of life,

psychological trauma, emotional distress and mental anguish, punitive damages sufficient to

deter Defendant from any similar activities; and award for costs, including court costs,

prejudgment and post-judgment interest and such other relief as the Court deems necessary

and proper.

## COUNT XX
## NEGLIGENCE PER SE
### Plaintiff vs. Defendant John Doe I

604.     Plaintiff restates and incorporates herein by reference all allegations contained in

preceding paragraphs of this Complaint as if fully set forth in their entirety.

605.     The State of Pennsylvania recognizes that a violation of a statute or ordinance

may serve as the basis for negligence per se.

606.     As described in this Complaint, on November 20, 2015, Defendant John Doe,

together with Defendant Irina Stepansky, DMD was negligent *per se* and violated at least one

or more applicable statutes or provisions of law. Defendant John Doe was willingly

participating in unlawful activities of Defendant Irina Stepansky, DMD.

607.     Doe's acts were falling into the category of reckless endangerment, as provided

by the State law. On November 20, 2015, Defendant John Doe was willingly assisting

Defendant Irina Stepansky, DMD and was recklessly endangering (18 Pa.C.S. § 2705) the life and health of the Plaintiff when Doe was willingly participating in Stepansky's violent acts of brutal destruction of Plaintiff's anatomical body parts.

608.    On November 20, 2015, Defendant John Doe was negligent *per se* by violating this State statutes prohibiting *assault and battery* against Plaintiff (18 Pa.C.S. § 2701 et seq.). Defendant was willingly assisting Defendant Stepansky to inflict multiple acts of battery against the Plaintiff. State of Pennsylvania Law prohibits battery against person.

609.    Defendant John Doe was violating the State statutes prohibiting *insurance fraud* (18 Pa.C.S. § 4117). Participation in health insurance fraud is applicable to the conduct of Defendant Doe.

610.    Defendant Doe was participating in violation of the State statutes prohibiting *deceptive or fraudulent business practices* (18 Pa.C.S. § 4107(5)(6)).

611.    Defendant Doe also violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) that is prohibiting dishonest conduct in dealing with customers and clients.

612.    All regulations and laws listed above were enacted for safety reasons that are applicable to Plaintiff, and Plaintiff belongs to the class that was intended to be protected by the regulations and laws. Defendant's violations of laws caused the battery and injury to the Plaintiff.

613.    Defendant's violation of the statutes and/or regulations was direct and/or proximate cause of Plaintiff's injuries and torts inflicted upon Plaintiff.

614.    As a result of Defendant's conduct, Plaintiff is entitled to recover damages against Defendant, including punitive damages.

615.    WHEREFORE, Plaintiff Sergei Kovalev respectfully requests that the Court

enter judgment in his favor and against Defendant, including but not limited to compensatory damages, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, punitive damages sufficient to deter Defendant from any similar activities; and award for costs, including court costs, prejudgment and post-judgment interest and such other relief as the Court deems necessary and proper.

**COUNT XXI**
**VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW (UTPCPL), 73 P.S. § 201-1, et seq.**
**Plaintiff vs. Defendant John Doe I**

616.   Plaintiff restates and incorporates herein by reference all allegations contained in preceding paragraphs of this Complaint as if fully set forth in their entirety.

617.   The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits deceptive or fraudulent acts and this legal action is coming within the protection of the statute, as provided by UTPCPL. Events described in this Complaint are within the purview of the UTPCPL.

618.   This cause of action represents private action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Act of December 17, 1968, No. 387, as amended 1976, Nov. 24, P.L. 1166, No. 260, § 1, 73 P.S. § 201-1, et seq.

619.   The Pennsylvania Unfair Trade Practices and Consumer Protection Law prohibits "unfair or deceptive acts or practices" including any one or more of the following:

"Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services";

"Using deceptive representations ... in connection with goods or services;

"Representing that goods or services have ... characteristics, ... uses, benefits ... that they do not have...";

"Representing that goods or services are of a particular standard ... if they are of another";

"Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed".

73 P.S. § 201-2(4).

620. The UTPCPL applies to this legal matter.

621. The Pennsylvania unfair trade practices and consumer protection law (UTPCPL) was implemented to protect consumers obtaining services. It exists to prevent deceptive or unfair practices that are unfairly affecting customers in this State. The law allows for anyone to bring suit when person is a victim of unjust practices.

622. Defendant Doe at all times herein mentioned was a person providing services at 11911 Bustleton Avenue, Philadelphia, PA 19116.

623. This legal matter is originated from and is based on activities of Defendant John Doe, who was assisting and willingly participating in unlawful, deceptive and fraudulent activities associated with Defendant Irina Stepansky, DMD, who with assistance and participation of John Doe subjected Plaintiff Sergei Kovalev, among many other things, to assault and battery, intentional human body mutilations, physical disfigurements, intentional destruction of Plaintiff's anatomical body parts, false imprisonment, fraud and fraudulent misrepresentation, and other unlawful acts and activities that were illegal according to the laws of the United States and the laws of the State of Pennsylvania.

624. Plaintiff was injured in his property and livelihood as a result of fraud and fraudulent activities devised and performed by Stepansky and Doe.

625. The UTPCPL contains a list of offenses that are deemed to be unfair unfair methods and practices. By defrauding and harming unsuspecting Plaintiff, Doe and Stepansky violated numerous provisions of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, specifically:

(a)    False advertising;

(b)    Bait-and-switch practices by represented the product or service at a particular

standard when it does not meet this standard;

(c)     Advertising without the intent of providing the advertising product or service;

(d)     Deceptive or fraudulent acts confusing consumer;

(e)     Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or and misunderstanding.

626.    As a result of the misrepresentations and deceptive conduct of Defendant John Doe, who was acting together with Defendant Irina Stepansky, DMD, Mr. Kovalev suffered ascertainable losses when he was subjected to unlawful removal of at least eleven (11) parts from at least seven (7) healthy teeth.

627.    Mr. Kovalev gave only permission to treat one tooth # 31, but without his permission and knowledge, Defendant Irina Stepansky, DMD together with her assistant Defendant John Doe in deceptive and fraudulent manner destroyed Mr. Kovalev's seven healthy teeth #3, #4, #5, #28, #29, #30, #32.

628.    Stepansky and Doe devised and implemented trickery to defraud Plaintiff and to collect financial compensation through Plaintiff's health insurance.

629.    To the present time, Plaintiff suffers from severe emotional distress and related physical trauma, including pain and discomfort in the areas mutilated by Defendants Stepansky and Doe, headaches, periods of hyperventilation, shortness of breath, frequent and recurring nightmares, stress and anxiety, mental and emotional anguish and distress, upset stomach, and intense painful tightening and pain in the face on the side of mutilating injuries inflicted by Stepansky and Doe, pain and discomfort in the face, head, neck, and in other parts of his body.

630.    While enjoying the benefits derived from the payments collected from the Plaintiff's health insurance provider, Stepansky and Doe never compensated Plaintiff for stolen and destroyed human body parts and mutilations inflicted to the Plaintiff.

631.     Stepansky's and Doe's recklessness and outrageous conduct and battery inflicted against Plaintiff caused him the necessity for future dental treatments that will be extending for the rest of his life, future financial losses, loss of productive time, permanent loss of body parts, permanent body disfigurement, harm, including physical, mental, and/or emotional harm, pain and suffering, mental trauma, mental and psychological distress, loss of enjoyment of life for the rest of the Plaintiff's life, and will be incurring related expenses.

632.     Stepansky and Doe must place Plaintiff into exactly the same position as he was before these defendants destroyed and mutilated Plaintiff's healthy body parts.

633.     The UTPCPL provides for trebled damages and reasonable attorneys fees.

634.     As a result of Defendant Doe's conduct, Plaintiff is entitled to recover trebled damages and reasonable attorneys fees assessed against Defendant, including punitive damages.

635.     WHEREFORE, Plaintiff Sergei Kovalev demands judgment in his favor against Defendant, and trebled damages including but not limited to compensatory damages for each of the destroyed body part, where mutilating procedures and destructions were performed without Plaintiff's permission, special damages, compensation for pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish; and award for costs, including court costs, reasonable attorneys' fees, prejudgment and post-judgment interest and other such relief as the Court deems appropriate.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Sergei Kovalev requests:

A.   That the Court enter judgment on all counts against all Defendants in favor of Plaintiff;

B. That the Court award compensatory damages to Plaintiff and against all Defendants, jointly and severally, in the amount exceeding $50,000 for each and every Plaintiff's body area affected, harmed, mutilated and damaged, and for each and every claim for relief presented, jointly and severally, based on all Plaintiff's claims for relief presented or that will be presented and based on Defendants' acts and activities described in this Complaint, in the exact amount to be determined at trial.

C. That the Court award damages to Plaintiff and against all involved Defendants, jointly and severally, in the amount exceeding $50,000 for each and every violation of Plaintiff's protected rights, in the exact amount to be determined at trial.

D. That the Court award treble damages to Plaintiff and against all involved Defendants, jointly and severally, based on Defendants' RICO Act violations.

E. That the Court award trebled damages to Plaintiff and against all involved Defendants, jointly and severally, based on Defendants' violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1, et seq.

F. That the Court award damages to Plaintiff and against all involved individual defendants, jointly and severally, for Plaintiff's pain and suffering, loss of enjoyment of life, psychological trauma, emotional distress and mental anguish, in the amount to be determined at trial.

G. That the Court to award punitive damages to Plaintiff and against all Defendants, jointly and severally,  in the amount to be determined at trial, or in the amount exceeding $5,000,000.00 that would be sufficient enough to deter Defendants' wrongdoing in the future.

H. That the Court award to Plaintiff costs, including court costs, reasonable attorneys' fees, prejudgment and post-judgment interest.

I.   That the Court to award to Plaintiff such other relief as the Court deems just and

proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues and claims set forth in this Complaint.

## **CERTIFICATION**

I declare under penalty of perjury that the foregoing, to the best of my knowledge,
information and belief, is true and correct.

Date: November 24, 2019

Sergej Kovalev
Plaintiff
5305 Oxford Avenue,
Philadelphia, PA 19124
Tel.: 215-839-9562

JS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

2019 NOV 25  P 11: 42

USDC-EDPA
REC'D CLERK

SERGEI  KOVALEV,

      Plaintiff,

    v.

IRINA STEPANSKY, DMD, *et al.*

      Defendants.

:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO:   **19   5579**

## TO THE HONORABLE JUDGES OF THIS COURT:

Pro Se Plaintiff respectfully requests allowance to use electronic filing system of this Court,

including user name and password, for the above-captioned legal action only.

Date: November 24, 2019

Respectfully submitted:

Sergei Kovalev
Plaintiff  Pro Se
5305 Oxford Avenue,
Philadelphia, PA 19124
(215) 839-9562

New filing
Complaint

Kovalev v. Stepansky