# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERGEI KOVALEV,<br>    Plaintiff,<br><br>v.<br><br>IRINA STEPANSKY, DMD, *et al.*<br>    Defendants. | CIVIL ACTION NO. 19-5579 |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                                                          DECEMBER 10th, 2019

      Plaintiff Sergei Kovalev, proceeding *pro se*, has filed this civil action against Irina Stepansky, DMD and numerous John and Jane Does. Kovalev seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Kovalev leave to proceed *in forma pauperis*, dismiss his Complaint, and provide leave to amend.

## I.    FACTUAL ALLEGATIONS

      Kovalev's Complaint, which consists of 106 pages, asserts that Defendants actions have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Health Insurance Portability and Accountability Act ("HIPAA"), and 18 U.S.C. § 1346. Kovalev also asserts numerous state law claims including assault and battery, false imprisonment, reckless endangerment, breach of contract, breach of fiduciary duties, fraud, fraudulent misrepresentation, deceptive or fraudulent business practices, negligence *per se*, negligence, unjust enrichment, negligent infliction of emotional distress, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

1

Kovalev avers that on November 20, 2015 and November 25, 2015, he went to Stepansky's dental office in Philadelphia requesting treatment for only one tooth.[1] (ECF No. 3 at 7.) Kovalev asserts, however, that during those two visits he was chemically incapacitated and Stepansky performed work on additional teeth that was not needed or authorized by him, resulting in "unlawful removal and destruction of multiple parts from at least seven (7) additional healthy teeth" causing him "widespread harm and damage to his anatomical body property, including loss of body parts, injuries, emotional distress and trauma, loss of the enjoyment of life, and other harm." (*Id.* at 1-3, 9-12, 20-21.)

Kovalev contends that Stepansky enlisted the aid of numerous John and Jane Doe Defendants and created an "Enterprise" to facilitate and conceal a pattern of illegal activities based on health insurance fraud, accompanied with intentional injuries and "mutilating procedures under the guise of so-called 'treatment'." (*Id.* at 2.) Kovalev asserts that Stepansky and others intentionally exhausted his dental insurance benefits, extorted additional payments from him to complete unfinished dental work, and submitted fraudulent claims to his health insurance provider. (*Id.* at 16-17, 34, 40.) Kovalev avers that he "has been injured in his property and livelihood" and "lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and . . . fraud." (*Id.* at 62.)

As relief, Kovalev seeks, *inter alia*, compensatory damages for "each body area affected, harmed, mutilated and damaged" and damages for his "pain and suffering, loss of enjoyment of

---

[1] Kovalev refers to this tooth as #31. (ECF No. 2 at 6-9.)

life, psychological trauma, emotional distress and mental anguish." (*Id.* at 105) Kovalev also seeks punitive damages in an amount exceeding $5,000,000.00. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Kovalev leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Kovalev is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Under the RICO Act

The RICO Act "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). Section 1962(d) expands liability under the statute by making it "unlawful for any person to conspire to violate [18 U.S.C. § 1962(c)]." 18 U.S.C. § 1962(d).

3

The federal civil RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). "In order to have standing to litigate a civil RICO claim, a plaintiff must show that [he] suffered an injury to [his] business or property and that the injury was proximately caused by the defendant's racketeering activities." *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014) (per curiam). "[I]n construing the federal RICO law, [the Third] Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 492 (3d Cir. 2000)). Furthermore, RICO does not provide a cause of action where the damages alleged are "speculative." *Maio*, 221 F.3d at 495 (speculative damages that were "predicated exclusively on the *possibility* that future events might occur" could not form the basis of a RICO injury).

Nothing in the Complaint provides a plausible basis for concluding that Kovalev suffered a non-speculative injury to business or property that would give him standing to raise a RICO claim.[2] To the contrary, Kovalev is seeking compensation for personal injuries that are not injuries to "business or property" for purposes of RICO. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (observing that "[m]ental distress, emotional distress, and harmed reputations do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff" and explaining that "injury for RICO purposes requires proof of concrete

---

[2] Throughout his Complaint, Kovalev asserts that he has been injured in "his property and livelihood" and has "lost his personal property represented by the loss of multiple anatomical body parts." *See, e.g.*, ECF No. 2 at 62. The Court need not credit Kovalev's conclusory allegations that he suffered harm to business or property absent factual support for those allegations.

4

financial loss, not mere injury to an intangible property interest"). Physical or emotional harm to a person is insufficient to show that a person was injured in his business or property under the act. *Parness v. Essex Cty. Corr. Facility*, Civ. A. No. 15-2397, 2016 WL 1643773, at *4 (D.N.J. Apr. 25, 2016) (citing *Magnum v. Archdiocese of Philadelphia*, 253 Fed. App'x. 224, 227 (3d Cir. 2007)). "Similarly, losses which flow from personal injuries are not [damage to] property under RICO." *Id.*

Kovalev's alleged damages arise entirely out of the alleged removal or destruction of parts of certain teeth as a result of the allegedly insufficient or impermissible dental treatment provided by Defendants on November 20 and 25, 2015. As such, he has pled only personal injury damages and damages which flow from personal injury, neither of which are sufficient to support a RICO claim, and neither of which are sufficient to provide Plaintiff with standing to bring such a claim.[3] *Parness*, 2016 WL 1643773, at *5 (citing *Amos v. Franklin Fin. Servs.*

---

[3] It appears from the Complaint that Kovalev did not make any payments out of his own pocket. Specifically, Kovalev avers that "he refused to pay for additional extortion demands" made by Stepansky. (ECF No. 2 at 15.) When an individual has refused to pay allegedly excessive charges out of his own pocket because those charges were covered by insurance, then no financial loss has been suffered. *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994). *See also Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145-146 (3d Cir. 2014) (concluding that a plaintiff could not establish injury or fraud where she knew that bills sent to her were unwarranted and she had refused to make payment); *Walter v. Palisades Collection, LLC*, 480 F. Supp. 2d 797, 801 (E.D. Pa. 2007) (reasoning that alleged injuries of unpaid contested debt and withdrawn lawsuits are not specific injuries that give rise to RICO liability).

In addition, and to the extent Kovalev attempts to assert that he suffered financial loss because his insurance benefits were depleted (*see, e.g.*, ECF No. 2 at 16), the Court notes that "a showing of 'injury' requires proof of concrete financial loss, and not mere 'injury to a valuable intangible property interest.'" *Steele*, 36 F.3d at 70 (patients lacked standing where insurance companies were faced with allegedly fraudulent health care billings) (quoting *Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 1020 (1992) and *Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir.1990)). It is not enough for Kovalev to allege that his insurance company paid out more than it had to pay without the alleged RICO violations; this does not constitute financial loss to him. *Steele*, 36 F.3d at 70.

*Corp.*, 509 Fed. App'x. 165, 167 (3d Cir. 2013); *Magnum*, 253 Fed. App'x. at 227). Accordingly, Kovalev lacks standing to bring a civil RICO claim based upon the allegations contained in his Complaint.

Kovalev's failure to allege such an injury to business or property is also fatal his RICO conspiracy claims under § 1962(d). *See Magnum*, 253 F. App'x at 229 ("A plaintiff alleging a civil RICO violation under *either* § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Thus, Kovalev's RICO claims will be dismissed.

### B. Claims Under 18 U.S.C. § 1346

Kovalev contends that Defendants violated 18 U.S.C. § 1346 by denying him "honest services" and by "defrauding and deceiving [his] health insurance program." (ECF No. 2 at 43-44 and 61-63.) The statute to which Kovalev refers falls under the federal mail fraud chapter of Title 18 of the United States code. Criminal statutes, however, do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]."). Thus, Kovalev's claims pursuant to § 1346 will be dismissed.

### C. Claims Under HIPPA

To the extent that Kovalev attempts to raise any claims pursuant to HIPAA against Defendants for failing to provide him with his medical records (ECF No. 2 at 21-22 and 35-36), the Court notes that there is no private right of action under HIPAA. *See Johnson v. WPIC*, No. 18-2552, 2019 WL 5578840, at *1 (3d Cir. Oct. 29, 2019) (holding that HIPAA does not create a private right of action (citing *Acara v Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)). Accordingly, there is no legal basis for any HIPAA claims here.

6

## D. State Law Claims

Kovalev's remaining claims are state law claims for assault and battery, false imprisonment, reckless endangerment, breach of contract, breach of fiduciary duties, fraud, fraudulent misrepresentation, deceptive or fraudulent business practices, negligence *per se*, negligence, unjust enrichment, negligent infliction of emotional distress, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (*See* ECF No. 2 at 63-104.) Because the Court has dismissed Kovalev's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

While Kovalev seeks over $75,000.00 in damages, he asserts that he is a "citizen of the United States and resident of the City of Philadelphia in the State of Pennsylvania" and that Defendant Stepansky "is a dentist practicing dentistry with a principal place of business at 11911 Bustleton Avenue, Philadelphia, PA 19116, including some other locations in the State of

7

Pennsylvania." (ECF No. 2 at 3.) It appears to the Court that complete diversity of citizenship is lacking, and Kovalev has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law claims he may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). Accordingly, his state law claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Kovalev's motion to proceed *in forma pauperis* and will dismiss his Complaint. This dismissal is without prejudice to Kovalev's right to file an amended complaint within thirty (30) days in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

_____
JUAN R. SANCHEZ, C.J.