IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGEI KOVALEV,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-5579 |
| IRINA STEPANSKY, DMD, *et al.*<br>Defendants. | : | |

MEMORANDUM

SÁNCHEZ, C.J.                                                                   FEBRUARY 4, 2020

Plaintiff Sergei Kovalev brings RICO claims and state law claims against Defendant Irina Stepansky, DMD and numerous John and Jane Does. The Court will dismiss Kovalev's RICO claims because he has not alleged any injury to his business or property. Since Kovalev's RICO claim was his only federal claim, the Court will decline to exercise jurisdiction over Kovalev's remaining claims. The Court will not grant Kovalev leave to amend his complaint because Kovalev has already had one chance to amend his complaint to address this issue.

I.   **FACTUAL ALLEGATIONS**

According to Kovalev's original Complaint, on November 20, 2015 and November 25, 2015, he went to Stepansky's dental office in Philadelphia requesting treatment for only one tooth. (ECF No. 3 at 7.)[1] However, Stepansky performed work on additional teeth, resulting in "unlawful removal and destruction of multiple parts from at least seven (7) additional healthy teeth" causing him "widespread harm and damage to his anatomical body property, including loss of body parts, injuries, emotional distress and trauma, loss of the enjoyment of life, and other harm." (*Id.* at 1-3, 9-12, 20-21.)

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

1

Kovalev contends Stepansky enlisted the aid of numerous John and Jane Doe Defendants and created an "Enterprise" to facilitate and conceal a pattern of illegal activities based on health insurance fraud, accompanied with intentional injuries and "mutilating procedures under the guise of so-called 'treatment'." (*Id.* at 2.) Kovalev asserted Stepansky and others intentionally exhausted his dental insurance benefits, extorted additional payments from him to complete unfinished dental work, and submitted fraudulent claims to his health insurance provider. (*Id.* at 16-17, 34, 40.) According to Kovalev, he "has been injured in his property and livelihood" and "lost his personal property represented by the loss of multiple anatomical body parts as a direct and indirect result of Defendants' racketeering activities and . . . fraud." (*Id.* at 62.) Accordingly, he filed this lawsuit against Stepansky and numerous John and Jane Does alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as well as numerous other claims.

After granting Kovalev leave to proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C § 1915(e)(2)(B). The Court concluded Kovalev had only pled personal injury damages and damages which flow from personal injury, neither of which were sufficient to support a RICO claim, and neither of which were sufficient to provide Kovalev with standing to bring such a claim. *See* ECF No. 4 at 3-6 (citing *Parness v. Essex Cty. Corr. Facility*, Civ. A. No. 15-2397, 2016 WL 1643773, at *4-5 (D.N.J. Apr. 25, 2016) and *Magnum v. Archdiocese of Philadelphia*, 253 Fed. App'x. 224, 227 (3d Cir. 2007)). However, the Court granted Kovalev leave to file an amended complaint. (*Id.* at 8; ECF No. 5.)

Kovalev has since filed an Amended Complaint, consisting of 118 pages, again naming Stepansky and numerous John and Jane Does as Defendants. (ECF No. 6.) In his Amended Complaint, he again asserts that Defendants have violated RICO because they caused "theft and

2

destruction of healthy human body parts" and "loss of his anatomical property, widespread harm and damage to his anatomical property, including the loss of body parts, injuries, emotional trauma, loss of the enjoyment of life, and other harm, for which defendants must be held responsible." (*Id.* at 7, 16-27, 32-33, 35-69.) Kovalev also reasserts numerous state law claims including breach of implied and express contract, breach of fiduciary duties, unjust enrichment, assault and battery, false imprisonment, reckless endangerment, fraud and fraudulent misrepresentation, negligence *per se*, negligence, negligent infliction of emotional distress, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (*Id.* at 70-116.)

As in his initial Complaint, Kovalev's Amended Complaint again relies on his November 2015 visits to Stepansky in which she allegedly removed more of his teeth than necessary. This unwanted surgery allegedly caused Kovalev "to suffer a large bruising on the upper portion of his right leg" and "severe discomfort, pressure on the nerves and pain (after the disappearance of the effects of the injected anesthetic)." (*Id.* at 14-18.) The Defendants allegedly "incapacitated and subdued him with multiple infections of unknown drugs" and "performed not permitted multiple additional mutilations of [his] healthy teeth representing his personal property" and, in so doing, "performed multiple counts of battery, theft of human body parts, and intentional destruction and mutilation of [his] anatomical body structures." (*Id.* at 21-22.)

Kovalev submits that after the "intentional mutilations, Defendant Stepansky was collecting payments from [his] health insurance for her unlawful and harmful mutilating activities." (*Id.* at 21-22, 25.) Stepansky allegedly enlisted the aid of numerous John and Jane Doe Defendants in founding the "Stepansky Health Care Fraud Enterprise" on the basis of "theft and intentional destruction of human body parts in the course of manipulating the trust of

3

Patients, whom Stepansky was misleading and defrauding by inflicting intentional injuries in the course of administering not needed intentional mutilating procedures under the guise of . . . treatment." (*Id.* at 36.) Defendants conspired to inflict "multiple counts of personal (anatomical) property theft [against Kovalev], and to defraud him and his health insurance program by inflicting the theft and destruction of multiple body parts, and intentional mutilations . . . in the form of surgical removal of multiple parts on numerous healthy teeth, with Stepansky Enterprise's intention to collect large payments from [his] health insurance program." (*Id.* at 40.)

Kovalev avers that as a result of Defendants' racketeering activities and RICO violations, he "has been injured and lost his personal property representing irreplaceable anatomical body parts that were stolen and destroyed" by Defendant Stepansky in order to "defraud his insurance program." (*Id.* at 62.) According to Kovalev, "based on the recent estimates, the entire human body is worth approximately $45 million, . . . and his loss of personal property would, therefore, be in the "$1.5 million - $2 million range." (*Id.* at 63.)

In his Amended Complaint, Kovalev contends he "suffers from severe emotional distress and related physical trauma, including pain and discomfort in the areas mutilated by Defendant Stepansky, headaches, shortness of breath, sleeplessness, frequent and recurring nightmares, stress and anxiety, mental and emotional anguish and distress, intense painful tightening and pain in the face on the side of mutilating injuries inflicted by Stepansky, pain and discomfort irradiating to the parts of his head, neck and to other body parts. (*Id.* at 26.) As relief, Kovalev seeks, *inter alia*, compensatory damages for each and every "body area affected, harmed, mutilated and damaged" and damages for his "pain and suffering, loss of enjoyment of life,

4

psychological trauma, emotional distress and mental anguish." (*Id.* at 117.) Kovalev also seeks punitive damages for certain state claims. (*Id.* at 117-118.)

## II. STANDARD OF REVIEW

Because Kovalev is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether the Amended Complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements do not suffice. *Id.* As Kovalev is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Under the RICO Act

The RICO Act "makes it unlawful 'for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting 18 U.S.C. § 1962(c)). Section 1962(d) expands liability under the statute by making it "unlawful for any person to conspire to violate [18 U.S.C. § 1962(c)]." 18 U.S.C. § 1962(d).

Under the federal civil RICO statute, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter[, which prohibits racketeering activity,] may sue therefor in any appropriate United States district court . . . ." 18 U.S.C. § 1964(c). "In order to have standing to litigate a civil RICO claim, a plaintiff must show that [he] suffered an injury to [his] business or property and that the injury was proximately caused by the defendant's racketeering activities." *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145 (3d Cir. 2014) (per curiam). Because "[i]njuries to one's business or property differ from injuries to one's person," the United States Court of Appeals for the Third Circuit "has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 483, 492 (3d Cir. 2000)). Furthermore, RICO does not provide a cause of action where the damages alleged are "speculative." *Maio*, 221 F.3d at 495 (speculative damages that were "predicated exclusively on the *possibility* that future events might occur" could not form the basis of a RICO injury).

In his Amended Complaint, Kovalev pleads "the injuries to [his] anatomical personal property and the personal injuries are not connected to each other and are not stemming from each other, but rather are representing totally different and not connected rights and different causes of action." (ECF No 6 at 29.) He asserts the "causes of action that are based on RICO Act violations, are involving the injuries inflicted by defendants to Plaintiff's personal anatomical property, where such anatomical property has a concrete financial value." (*Id.* at 29-30.) Kovalev submits "the 'injury to the property', even if the property is the person's anatomical body, cannot be called as 'personal injury'" and asserts that because the human body

6

is the personal property of the person who possesses it, a "theft and destruction of human body parts is an injury to [an] individual's personal property." (*Id.* at 30-32.)

As in the initial Complaint, and despite Kovalev's efforts, nothing in the Amended Complaint provides a plausible basis for concluding that Kovalev suffered a non-speculative injury to business or property that would give him standing to raise a RICO claim.[2] To the contrary, no matter how it is worded, Kovalev is seeking compensation for personal injuries, not injuries to "business or property" for purposes of RICO. *See Clark v. Conahan*, 737 F. Supp. 2d 239, 255 (M.D. Pa. 2010) (observing that "[m]ental distress, emotional distress, and harmed reputations do not constitute injury to business or property sufficient to confer standing on a RICO plaintiff" and explaining "injury for RICO purposes requires proof of concrete financial loss, not mere injury to an intangible property interest"). Physical or emotional harm to a person is insufficient to show a person was injured in his business or property under the act. *Parness v. Essex Cty. Corr. Facility*, Civ. A. No. 15-2397, 2016 WL 1643773, at *4 (D.N.J. Apr. 25, 2016) (citing *Magnum v. Archdiocese of Philadelphia*, 253 Fed. App'x. 224, 227 (3d Cir. 2007)). "Similarly, losses which flow from personal injuries are not [damage to] property under RICO." *Id.*

Kovalev's alleged damages arise entirely out of the alleged removal or destruction of parts of certain teeth as a result of the allegedly insufficient or impermissible dental treatment provided by Defendants on November 20 and 25, 2015. As such, he has pled only personal injury damages and damages which flow from personal injury, neither of which are sufficient to

---

[2] Throughout his Amended Complaint, Kovalev asserts he has been injured "to his person and to his anatomical property" and has lost "his anatomical property, . . . including unlawful theft and destruction of multiple body parts." *See, e.g.*, ECF No. 6 at 7, 14, 16-17, 19, 21-22, 26, 35, 37, 39-40, 47-48, 51-52, 62-69, 73-74. The Court need not credit Kovalev's conclusory allegations that he suffered harm to business or property absent factual support for those allegations.

7

support a RICO claim, and neither of which are sufficient to provide Plaintiff with standing to bring such a claim.[3] *Parness*, 2016 WL 1643773, at *5 (citing *Amos v. Franklin Fin. Servs. Corp.*, 509 Fed. App'x. 165, 167 (3d Cir. 2013); *Magnum*, 253 Fed. App'x. at 227). Accordingly, Kovalev lacks standing to bring a civil RICO claim based upon the allegations contained in his Amended Complaint.

Kovalev's failure to allege such an injury to business or property is also fatal his RICO conspiracy claims under § 1962(d). *See Magnum*, 253 F. App'x at 229 ("A plaintiff alleging a civil RICO violation under *either* § 1962(c) or (d) must plead a cognizable injury to 'business or property' under § 1964(c)."). Thus, Kovalev's RICO claims will be dismissed.

### B. State Law Claims

Kovalev's remaining claims are state law claims for assault and battery, false imprisonment, reckless endangerment, breach of implied and express contract, breach of

---

[3] It appears from the Amended Complaint that Kovalev did not make any payments out of his own pocket. According to Kovalev, "he refused to pay additional money" to Stepansky. (ECF No. 6 at 20.) When an individual has refused to pay allegedly excessive charges out of his own pocket because those charges were covered by insurance, then no financial loss has been suffered. *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994). *See also Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x 141, 145-146 (3d Cir. 2014) (concluding that a plaintiff could not establish injury or fraud where she knew bills sent to her were unwarranted and she had refused to make payment); *Walter v. Palisades Collection, LLC*, 480 F. Supp. 2d 797, 801 (E.D. Pa. 2007) (reasoning that alleged injuries of unpaid contested debt and withdrawn lawsuits are not specific injuries for purposes of RICO liability).

To the extent Kovalev attempts to assert that he suffered financial loss because his insurance benefits were depleted (*see, e.g.*, ECF No. 6 at 20), this argument is without merit. "[A] showing of 'injury' [under RICO] requires proof of concrete financial loss, and not mere 'injury to a valuable intangible property interest.'" *Steele*, 36 F.3d at 70 (patients lacked standing where insurance companies were faced with allegedly fraudulent health care billings) (quoting *Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 1020 (1992) and *Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir.1990)). It is not enough for Kovalev to allege that his insurance company paid out more than it had to pay without the alleged RICO violations; this does not constitute financial loss to him. *Steele*, 36 F.3d at 70.

fiduciary duties, fraud, fraudulent misrepresentation, negligence *per se*, negligence, unjust enrichment, negligent infliction of emotional distress, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (*See* ECF No. 6 at 75-118.) Because the Court has dismissed Kovalev's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

While Kovalev seeks over $75,000.00 in damages, he asserts that he is a "citizen of the United States" and "resident of the City of Philadelphia in the State of Pennsylvania" and that Defendant Stepansky "is a dentist practicing dentistry with a principal place of business at 11911 Bustleton Avenue, Philadelphia, PA 19116, including some other locations in the State of Pennsylvania." (ECF No. 6 at 7-8.) Complete diversity of citizenship appears to be lacking, and

Kovalev has failed to meet his burden of demonstrating subject matter jurisdiction.[4] *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). Accordingly, his state law claims will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Kovalev's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Kovalev has been put on notice of the defects in his claims and was not able to cure those defects after having been given an opportunity to do so, the Court finds further attempts at amendment would be futile. An appropriate Order follows, which shall be docketed separately.

BY THE COURT:

JUAN R. SÁNCHEZ, C.J.

---

[4] Kovalev also alleges that Stepansky "was at some point of time a citizen of one of the former Soviet Union Republics." (ECF No. 6 at 8.) This allegation does not clarify her current citizenship. In any event, if Stepansky is a foreign citizen who is a lawful permanent resident domiciled in Pennsylvania, diversity jurisdiction is still lacking. *See* 28 U.S.C. § 1332(a)(2) ("[T]he district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.")

10